Argued 13 November; decided 11 December, 1899.

## McCORMICK MACHINE CO. *v.* HOVEY.

[59 Pac. 189.]

1. PLEADING—DENIAL OF INCORPORATION—NEGATIVE PREGNANT.—A denial that plaintiff is a corporation organized " under or by virtue of the laws of the State of Illinois," does not raise an issue, since it is pregnant with the admission that the plaintiff is nevertheless a corporation.

2. APPEAL—INSUFFICIENCY OF EVIDENCE—NEW TRIAL.—The action of a trial court in refusing to set aside a verdict and grant a new trial because of the insufficiency of the evidence is not reviewable: *State* v. *Foot You*, 24 Or. 61, followed.

From Lane : J. C. FULLERTON, Judge.

Action by McCormick Harvesting Machine Company against Emily Hovey, substituted for A. G. Hovey, deceased, formerly doing business under the firm name of the Lane County Bank, for money had and received. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Absalom C. Woodcock.*

For respondent there was a brief and an oral argument by *Messrs. Edwin O. Potter* and *L. T. Harris.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

1. The complaint alleges, among other things, "that the plaintiff is, and was during all the dates and times herein mentioned, a corporation duly organized and existing under and by virtue of the laws of the State of Illinois." The answer "denies any information sufficient to form a belief as to whether or not plaintiff is, or was during all or any of the dates or times mentioned, a corporation duly, or at all, organized under or by virtue of the laws of the State of Illinois." No proof was of-

fered at the trial tending to establish the fact of plaintiff's incorporation.  After verdict, the defendant moved to set the same aside, and for a new trial, upon the ground that the evidence was insufficient to justify it.  Appellant contends that the motion should have been allowed, for two reasons :  (1) That plaintiff failed to establish its corporate capacity ;  and (2) the evidence was otherwise insufficient to support the verdict.

The reason first assigned is met by the contention that the answer admits plaintiff's corporate existence.  The denial being that plaintiff was a corporation organized and existing "under and by virtue of the laws of the State of Illinois," it is pregnant with the admission that the defendant is nevertheless a corporation.  Such a denial merely amounts to a contradiction that plaintiff was organized under the laws of Illinois.  This doctrine has been so enunciated in *Wright* v. *Fire Ins. Assoc.* 12 Mont. 474 (31 Pac. 87, 19 L. R. A. 211)—a case *in quatuor pedibus* with the one at bar.  Upon the same principle, it has been held by this court that a conjunctive denial was insufficient to raise an issue :  *Moser* v. *Jenkins*, 5 Or. 447. See, also, Bliss, Code Pl. § 332.  The fact of plaintiff's corporate capacity was therefore admitted by the pleadings, and it was unnecessary to offer any proof upon the subject.

2.  The second reason assigned is not available, as this court will not review the action of the trial court in refusing to set aside a verdict and grant a new trial because not justified by the evidence :  *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, and 33 Pac. 537) .    Affirmed.