Decided 1 July, 1901.

## STATE *v.* CROCKETT.

[ 65 Pac. 447.]

IMPEACHMENT—SHOWING WRITING TO WITNESS.

1. Under Hill's Ann. Laws, § 841, providing that, to impeach a witness by showing his written statements inconsistent with his testimony, the writing must be shown him before he is questioned concerning the statements, a witness can not be impeached by introducing his written testimony given at a coroner's inquest, without first showing him the writing.

CIRCUMSTANTIAL EVIDENCE—DEGREE OF CRIME.

2. Where the evidence concerning the circumstances under which a crime was committed is entirely circumstantial, the jury may convict of the crime charged or any lesser crime of the same class that is included therein: *State* v. *Ellsworth*, 30 Or. 145, and *State* v. *Magers*, 35 Or. 520, applied.

REASONABLE DOUBT DEFINED.

3. A definition of a reasonable doubt in these terms "A reasonable doubt is such a doubt as exists in the mind of a reasonable man after a full, free, and careful examination and comparison of all the evidence; it must be such a doubt as would cause a careful, considerate, and prudent man to pause and consider before acting in the grave and most important affairs of life,"—while open to some criticism, is not erroneous.

INSTRUCTION—ADMITTED FACT.

4. A court may with propriety in the charge to the jury refer to a certain fact as being established, where both sides have conceded its existence: *State* v. *Morey*, 25 Or. 241, approved.

MOTION FOR NEW TRIAL ON INSUFFICIENT EVIDENCE.

5. A motion for a new trial because of the insufficiency of the evidence to sustain the verdict is addressed to the discretion of the trial court, and its action thereon is not subject to review on appeal: *State* v. *Foot You*, 24 Or. 61, approved.

From Umatilla : WILLIAM R. ELLIS, Judge.

Minnie Crockett appealed from a conviction of murder in the second degree.    Affirmed.

For appellant there was a brief over the name of *Carter & Raley*, with an oral argument by *Mr. Jas. H. Raley*.

For the state there was a brief over the names of *D. R. N. Blackburn*, Attorney-General, and *Thos. G. Hailey*, District Attorney, with an oral argument by *Mr. Hailey*.

Mr. Chief Justice Bean delivered the opinion.

The defendant was indicted for murder in the first, and convicted of murder in the second, degree, for killing her husband. From the judgment entered against her, she appeals, assigning as error (1) the refusal of the trial court to admit in evidence, for the purpose of impeachment, the testimony of certain witnesses taken before the coroner's jury ; (2) the court's instruction to the jury that they might find the defendant guilty of murder in the first or second degree, manslaughter, or not guilty ; (3) its definition of a "reasonable doubt" ; (4) its statement to the jury that it is admitted in the case that the deceased came to his death by a wound inflicted by a ball fired from a pistol which the defendant purchased a few days prior thereto. Of these in their order.

1. Upon the trial, Earl Crockett and Ella Anderson were called as witnesses, and gave evidence on behalf of the state. On cross-examination they were asked if they did not make certain statements when testifying before the coroner's jury. Thereafter the defense, without showing to the witnesses the testimony given by them at the coroner's inquest, which had been reduced to writing, offered it in evidence for the purpose of impeaching them,

but the trial court refused to admit it.   The deposition
or testimony of a witness given before a coroner is *prima
facie* evidence of what the witness swore to, and, when
the proper foundation is laid, is admissible for the pur-
pose of contradicting him :   *People* v. *Devine*, 44 Cal. 452.
But, where it is sought to impeach a witness by written
statements, they must be shown to him before any ques-
tion is put to him concerning them :   Hill's Ann. Laws,
§ 841.   And this rule applies to testimony in a judicial
proceeding, reduced to writing and subscribed by the
witness :   *State* v. *Steeves*, 29 Or. 85, 102 (43 Pac. 947);
*People* v. *Ching Hing Chang*, 74 Cal. 389 (16 Pac. 201) ;
*Simmons* v. *State*, 32 Fla. 387 (13 South. 890); *State* v.
*O'Brien*, 18 Mont. 1 (43 Pac. 1091, 44 Pac: 399).   It was
not complied with in the case at bar, and hence there
was no error in refusing to admit the testimony so offered.

2.    The court instructed the jury, among other things,
as follows :   '' The jury is not restricted in this class of
cases to the determination of whether or not. the defend-
ant is guilty of the crime charged in the indictment, but
must determine whether or not, if not guilty as charged,
the defendant is guilty of any crime included in the crime
charged.    Therefore I instruct you that it is possible in
this case for you to find one of four verdicts,— murder
in the first degree, murder in the second degree, man-
slaughter, or not guilty.''   It is argued that by this in-
struction the court, in effect, told the jury that there was
sufficient evidence in the case to support a verdict of
guilty of either murder in the first or second degree or
manslaughter ;   but we do not so interpret the instruc-
tion.    Its manifest purpose and effect was to advise the
jury that under the indictment and the evidence they
might properly find the defendant guilty as charged, or
any other crime included therein, or not guilty ;   and in

this there was no error. The crime charged in the indictment clearly included all others mentioned in the instruction complained of, and as the proof of the manner and circumstances of the killing, and defendant's connection therewith, was entirely circumstantial, the case comes within the rule laid down by this court in *State* v. *Magers*, 35 Or. 520 (57 Pac. 197), and *State* v. *Ellsworth*, 30 Or. 145 (47 Pac. 199). The deceased was shot while in bed, some time during the night. At the time the only persons in the house were the defendant, the deceased, and their three small children, the latter of whom were asleep. The defendant denied any participation in the killing, and claimed that it was a case of suicide. The question, therefore, as to when and by whom the killing was done,— whether by the deceased himself or by the defendant, and, if by the defendant, whether purposely and of deliberate and premeditated malice, or purposely and maliciously, but without deliberation and premeditation, or in a sudden heat of passion,— was a mere matter of inference from the testimony ; and therefore the degree of the defendant's guilt, if guilty at all, was for the jury to determine from the entire circumstances of the case, and not the court.

3.   The court defined "reasonable doubt" as follows : "A reasonable doubt is such a doubt as exists in the mind of a reasonable man after a full, free, and careful examination and comparison of all the evidence. It must be such a doubt as would cause a careful, considerate, and prudent man to pause and consider before acting in the grave and most important affairs of life." The contention is that by this instruction the verdict of the jury is made to depend upon a mere preponderance of evidence, but we think the construction of counsel is unwarranted.   A reasonable doubt is, in effect, defined

to be such a doubt as would cause a reasonable and prudent man to hesitate and pause before acting; and, as said by the Supreme Court of Colorado, "there is a vast difference between hesitating or pausing and acting. The doubt which leads a man to hesitate or pause may be very far from being such a doubt as would control his action; and we think that if, in the important transactions of life, a doubt arises in the mind of a reasonable and prudent man which would not lead him to hesitate or to pause and consider of his future action, that doubt is not such a reasonable doubt as would justify the jury, in a criminal case, in returning a verdict of acquittal": *Minich* v. *People*, 8 Colo. 454 (9 Pac. 4, 5 Am. Crim. Rep. 32). The language of the court in the instruction complained of is, no doubt, open to some criticism; but the same may be said of any attempt yet made by the courts to define the term "reasonable doubt," because of the inadequacy of language to make plainer a term the meaning of which is within the comprehension of every person capable of understanding common English. But we think, while it would have been safer for the court to give the instruction so often approved by this court (*State* v. *Morey*, 25 Or. 241, 35 Pac. 655, 36 Pac. 573), the one given is substantially correct and could not have misled the jury in any way: *State* v. *Pierce*, 65 Iowa, 89 (21 N. W. 195); *Dunn* v. *People*, 109 Ill. 635 (4 Am. Crim. Rep. 58).

4. The court also instructed the jury that, " It has been admitted by the evidence in this case that James M. Crockett came to his death by a wound inflicted by a pistol ball, and it is further admitted by the defendant that she purchased the revolver with which the wound was inflicted, prior to the time of the death of James M. Crockett; and I instruct you that the fact that she pur-

chased the revolver prior to the time of his death is a fact which you may take into consideration as showing premeditation and malice, in case you shall find, beyond a reasonable doubt, that she fired the fatal shot." Objection is made to this instruction because in it the court assumes a fact which it was the province of the jury to determine. The record shows, however, that it was expressly conceded throughout the trial, and the defendant so testified, that the pistol with which the deceased was killed was purchased by her in Walla Walla two or three days before the fatal wound was inflicted, and therefore the instruction assuming that fact to be true was not error : *State* v. *Morey*, 25 Or. 241, 246 (35 Pac. 655, 36 Pac. 573).

5.  The only remaining assignment of error is based on the overruling of a motion to set aside the verdict and for a new trial for insufficiency of the evidence. We have so often held that such an order will not be reviewed on an appeal that the question requires no further consideration at this time : *State* v. *Foot You*, 24 Or. 61, 72 (32 Pac. 1031, 33 Pac. 537). As there is no error of law in the record, we have no alternative but to affirm the judgment, and it is so ordered.     AFFIRMED.