**CROSSEN *v.* OLIVER.**

[69 Pac. 308.]

</div>

INSTRUCTIONS SHOULD RELATE TO THE ENTIRE EVIDENCE.

1. It is not good practice for a trial judge to single out the testimony of a single witness, or the testimony on one point, and instruct the jury that it is not sufficient to warrant a verdict, when there is other testimony that may properly be considered in the same connection.   The following is an example of the impropriety of such practice: In an action to recover land, defendant claimed title as purchaser under a judgment in his favor against a former owner; and plaintiff claimed under a deed from such owner executed prior to the judgment, but not recorded until after the judgment was decketed.   The former owner testified that she told defendant before his judgment was rendered that she had sold the land, and there was other evidence that plaintiff was in possession thereof when such judgment was rendered.   *Held,* that an instruction that the former owner's mere statement that she had sold the land, without any indication as to whom she had sold it, was not sufficient notice to prevent

defendant from being a purchaser without notice, was properly refused, as being upon a single item of testimony, when there was other testimony on the same subject.

APPEALABLE ORDER—DENIAL OF NEW TRIAL.

2. A motion to set aside a verdict and for a new trial based upon insufficiency of evidence, being addressed to the discretion of the trial court, is not assignable as error on appeal; other steps, such as a motion for nonsuit or for an instructed verdict, being necessary in order to obtain an appealable order upon the sufficiency of evidence.

LEGITIMATE ARGUMENT OF COUNSEL TO THE JURY.

3. Much latitude must necessarily be allowed counsel in presenting a case to the jury, but so long as the argument is confined to the facts and legitimate deductions therefrom, it is not objectionable; thus, a reference to plaintiff as a poor laborer, whose brow was wet with honest sweat, and whose horny hands were rough from toil, coupled with a designation of plaintiff's grantor as a rich and grasping lawyer, is not an abuse of the privilege of counsel.

From Union: ROBERT EAKIN, Judge.

Action by M. S. Crossen against E. W. Oliver. From a judgment in favor of plaintiff, defendant appeals.      AFFIRMED.

For appellant there was a brief over the names of *Turner Oliver* and *Thos. H. Crawford,* with an oral argument by *Mr. Oliver.*

For respondent there was a brief and an oral argument by *Mr. Eugene Ashwill* and *Mr. J. D. Slater.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is an action for the recovery of real · property. The plaintiff had a verdict and judgment, and the defendant appeals. The appeal is based upon alleged errors of the trial court in refusing two instructions requested, overruling a motion to set aside the verdict and for a new trial, and in permitting the attorney for plaintiff, in his argument to the jury, to argue from facts, no evidence of which had been adduced at the trial.

1. The first instruction requested and refused is as follows: "I instruct you further, gentlemen, that the mere statement of Mrs. Caldwell that she had sold the land, unless she indicated to whom she sold it, was not such notice as the law requires."

The second, although differently expressed, is to the same purpose. Both parties claim title through Mrs. Caldwell,—the defendant, as a purchaser at an execution sale upon a judgment against her in his favor; and the plaintiff, by a deed from her executed before said judgment, but not recorded until after it was docketed. Mrs. Caldwell testified that she told Oliver before the judgment was rendered that she had sold the land, the purpose of which was to charge him with notice of plaintiff's title; Oliver claiming to be an innocent purchaser through his judgment. There is some other evidence in the record, intended to supplement this testimony, which was offered and admitted for the purpose of showing that Crossen was in possession of the land at the time Oliver obtained his judgment; thus affording constructive notice of his title, although his deed was not recorded. With this understanding, it is apparent that the instructions requested were directed against a single item of the testimony intended to establish notice as to Oliver, and for this reason were properly refused. It is not good practice to single out the testimony of one witness, or to point to a single item of testimony, and instruct the jury that it is not sufficient to warrant a verdict, when there is other evidence in the case which could rightfully be considered in the same relation. The testimony of Mrs. Caldwell referred to in the instruction, was not all the testimony going to the same point; and it was proper, therefore, that it should be submitted to the jury, in connection with such other testimony, and not made the subject of a separate instruction upon the question of notice. As supporting this view, see *Church* v. *Melville,* 17 Or. 413 (21 Pac. 387); *Wohlwend* v. *Weingardner,* 19 Ky. Law Rep. 429 (40 S. W. 928); *Dawson* v. *Falls City Boat Club,* 125 Mich. 433 (84 N. W. 618, 622).

2. The next question arises upon defendant's motion to set aside the verdict and for a new trial; his contention being that the evidence adduced as to notice of Crossen's prior title was not sufficient in law upon which to submit the case to the jury. If counsel desired an appealable order on this question, a motion for nonsuit, or to instruct the jury to find for the defendant,

interposed at the proper time, would have been appropriate; but a motion to set aside the verdict and for a new trial is not adequate for the purpose under our practice. It has been so frequently decided by this court that such a motion, based upon insufficiency of evidence to support the verdict, is addressed to the sound discretion of the trial court, and is not assignable as error upon appeal, that it is unnecessary to re-examine or discuss the question now; and we rest the matter by a simple notation of the cases by which the law is established: *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, 33 Pac. 537, and cases cited) ; *State* v. *Childers*, 32 Or. 119 (49 Pac. 801) ; *State* v. *Gardner*, 33 Or. 149 (54 Pac. 809) ; *McCormick Mach. Co.* v. *Hovey*, 36 Or. 259 (59 Pac. 189) ; and *State* v. *Crockett*, 39 Or. 76 (65 Pac. 447).

3. The next question goes to the argument of plaintiff's counsel to the jury. The cause of the complaint is that counsel told the jury that plaintiff worked sixteen hours a day for a whole year for this land, and now, if they took it away from him, he would lose his whole year's work; that he was a poor, hard-working man; that Turner Oliver (defendant's attorney) was rich and grasping, and wanted to take this land, and deprive a poor laborer of his wages; that his client earned his living by the sweat of his brow, and his hands were horny with honest labor, while Turner was a lawyer; and, to illustrate his point, he related a humorous story, from which it was inferable. that no lawyer could be honest. It is insisted that this argument is vulnerable to the criticism that it consists of a statement of facts, pertinent to the issues, not in evidence. An attorney, in presenting his case to the jury, is accorded a large degree of freedom, and is entitled to draw from the testimony adduced all legitimate inferences of which it is susceptible, and to employ such illustration and demonstration as to him may seem best suited to direct the attention of the jury to the point intended for emphasis. Some of the counsel's inferences may have been farfetched and somewhat remote, but the argument was not obnoxious to the objection that it went beyond the facts in evidence: *Huber* v. *Miller*, 41 Or. 103 (68 Pac. 400).

These considerations affirm the judgment of the court below, and it is so ordered.                                    AFFIRMED.