Argued November 2, decided November 30, 1909.

## HEWITT v. HUFFMAN.

[105 Pac. 98.]

PRINCIPAL AND AGENT—EXISTENCE OF RELATION—EVIDENCE.

1. The mere fact that defendant took, in a horse trade, notes from plaintiffs payable to a third party, was not conclusive evidence that defendant was the agent of such third party.

TRIAL—PROVINCE OF COURT AND JURY—CONFLICTING EVIDENCE.

2. Where the evidence is conflicting, the issue is for the jury.

PLEADING—ANSWER.

3. Where the complaint alleged that plaintiffs' stallion was worth $2,000 an answer denying that it was worth $2,000, "or any greater sum than $————," practically admitted the value of the stallion to be any sum less than $2,000; the quoted words adding nothing to the denial.

APPEAL AND ERROR—FAILURE TO SAVE EXCEPTION—EFFECT.

4. A ruling to which no exception was saved will not be considered on appeal.

From Union: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action brought by plaintiffs against defendants issuing out of an alleged breach of contract. The complaint avers that on October 26, 1907, plaintiffs, as partners, were the owners of a black Percheron stallion of about 1,800 pounds weight, and of the value of $2,000; that defendant was in possession of a small stallion named Mosco, of the value of about $1,000, of which, he represented to plaintiffs, he had full right to dispose; that on said date plaintiffs and defendant entered into a trade or swap, whereby it was agreed that the former should fully part with the title and possession of the black

stallion and give their promissory notes for the total amount of $1,200, and payable to the order of A. C. Ruby & Co., to the defendant, and that defendant, in consideration thereof and in exchange therefor, should retain possession of the stallion Mosco, and should, within 60 days from and after said date, sell and dispose of Mosco, and should place in a bank to the credit of the plaintiffs good bankable promissory notes of the full face value of $3,000; that plaintiffs thereupon delivered the black stallion and the $1,200 in notes to defendant, but that the latter wholly failed to deposit the $3,000 in notes, and failed and still fails and refuses to sell or dispose of the stallion Mosco.

The answer admits that plaintiffs were the owners of the black stallion, but denies that he was of the value of $2,000, or any other or greater sum than $———; admits that defendant on October 26, 1907, was in possession of the stallion Mosco; and that he represented he had fully power to sell and dispose of him, but denies the other allegations of the complaint. For a further defense it is averred in the answer that at the date of said trade, A. C. Ruby & Co., of Portland, Oregon, were engaged in the business of dealing in stallions, and that defendant was their duly authorized agent for the purpose of making sale of such animals as were consigned to him in Oregon and elsewhere; that on this date said stallion, Mosco, was the property of A. C. Ruby & Co., and that defendant's possession of him was as agent for said A. C. Ruby & Co., and not otherwise; than on October 26, 1907, the plaintiffs and the defendant, as the agent of A. C. Ruby & Co., entered into a contract by the terms of which the defendant sold and delivered to plaintiffs the horse, Mosco, in consideration of the delivery to him of the black stallion, and the agreement on the part of the plaintiffs to pay A. C. Ruby & Co. the sum of $1,200 in three installments, evidenced by promissory notes of $400

, each; that said contract was then and there reduced to writing and signed by the respective parties, whereupon the defendant then and there delivered the stallion, Mosco, to plaintiffs, who, in turn, delivered to defendant the black stallion and the said promissory notes; that ever since that date plaintiffs have been and now are in possession of the stallion Mosco; that A. C. Ruby & Co. are in possession of the three promissory notes, and have sold and disposed of the black stallion; and that said transaction is the same referred to in plaintiffs' complaint. Upon the trial there was a verdict and judgment in favor of plaintiffs for $1,500 as damages, from which the defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. B. F. Wilson* and *Mr. Charles H. Finn* with an oral argument by *Mr. Wilson.*

For respondent there was a brief over the names of *Messrs. Olmstead & Strayer* and *Messrs. Ivanhoe & Hodgin* with oral argument by *Mr. Olmstead* and *Mr. Strayer.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. It is claimed by the defendant that he cannot be held personally liable in this action because he acted as agent of A. C. Ruby & Co., but we cannot assume in the face of the testimony that such fact was established. The mere fact that he took notes from the plaintiffs, payable to A. C. Ruby & Co., while a circumstance tending to corroborate his contention, is not conclusive. It is not unusual for a person dealing on his own account to take paper payable to a third party.

2. The evidence of plaintiffs tended to show that he was acting on his own account, and, as the testimony was contradictory, the matter was within the province of the jury, which must have found with the plaintiffs upon that contention.

Defendant presented certain agreements purporting to have been signed by plaintiffs with A. C. Ruby & Co., but plaintiffs denied ever having signed them, and the jury must have found they were forgeries.

3. It is also claimed that the damages are excessive, and that only nominal damages should have been given, as there was no evidence as to the value of the horses. The plaintiffs offered to show the value of the animals, but upon the objection of defendant, this testimony was excluded. While this error of the court prevented plaintiffs from fully presenting their case, there is an admission in the pleadings that furnished the jury a fair basis for estimating the value of the black stallion. The complaint alleges this stallion was worth $2,000. The answer denies that it was worth $2,000, "or any greater sum than $———." The words last quoted add nothing to the extent of the denial, which practically admits the value of the stallion to be any sum less than $2,000. If the jury believed plaintiffs' testimony, as they evidently did, that defendant had their note for $1,200 and their horse, and they had received nothing in return, the verdict was exceedingly moderate if plaintiffs were entitled to recover at all.

4. Several objections are made to the rulings of the court upon the admission and rejection of testimony, but we are of the opinion that none of them are well taken.

Error is alleged on account of the ruling of the court allowing signatures especially prepared for the purpose to be submitted to certain experts on handwriting who were called by defendant to prove the genuineness of the signatures of plaintiffs to certain alleged contracts with Ruby & Co. No exception was saved to the ruling of the court on this subject, and it is therefore not before us.

The judgment of the lower court will be affirmed.

AFFIRMED.