On motion to dismiss appeal, decided December 9, 1913.

## ABERCROMBIE *v.* HECKARD.

### (136 Pac. 875.)

**Appeal and Error—Decisions Reviewable—Refusal of New Trial.**

1. No appeal lies from the refusal to grant a new trial.

**Appeal and Error—Record—Scope and Contents.**

2. Where the only issue raised by appellants is the admissibility of a receipt offered to prove payment of plaintiff's claim, which receipt is incorporated in a motion for new trial, from the refusal of which the appeal is taken, but which is not presented in a bill of exceptions, appellants have no standing in the Supreme Court; the receipt not being a part of the record.

Appeal and Error—Record—Questions Presented for Review.

3. Under Section 171, L. O. L., relating to exceptions, and providing that the objection shall be stated with so much of the evidence or other matter as shall be necessary to explain it, and no more, and Article VII, Section 3 of the Constitution, providing that, till otherwise provided by law, upon appeal to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the reporter's transcript and other papers purporting to be parts of the testimony which are not authenticated as a bill of exceptions are not properly before the Supreme Court, and will not be considered to ascertain the relevancy of papers offered in evidence and rejected.

From Clatsop: James A. Eakin, Judge.

En Banc. This is an action by Mary Abercrombie against Jasper Newton Heckard, O. M. Heckard and F. E. Tanner, partners, doing business under the firm name of Heckard Bros. There was a judgment in favor of plaintiff, from which defendants appeal. Respondent files motion to dismiss the appeal.

Motion Sustained. Appeal Dismissed.

*Mr. George C. Fulton,* for the motion.

*Mr. Clarence J. Curtis, contra.*

Opinion Per Curiam.

This is a motion to dismiss an appeal. There is no bill of exceptions, and the case comes up on the transcript, which is accompanied by the reporter's copy of the testimony. In the transcript it appears that a motion for a new trial was filed and overruled by the court. The principal ground for the motion was the alleged refusal of the court to admit in evidence a certain alleged receipt in full for the amount of plaintiff's bill, signed by L. R. Abercrombie.

1. No appeal lies from the refusal of the court to grant a new trial: *State* v. *Gardner,* 33 Or. 149 (54 Pac. 809); *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189); *Crossen* v. *Oliver,* 41 Or. 505 (69 Pac. 308).

2, 3. The appellants state the issue in their brief as follows: "The only question at issue in this cause is the admissibility of the receipt offered to be introduced in evidence of the payment of the claim of plaintiff. This was incorporated in the motion for a new trial, which appears of record. The motion for a new trial was overruled, and from that decision the defendant appeals." Upon that theory, they have no standing in the court upon appeal. The alleged receipt did not become a part of the record because an alleged copy of it was incorporated in the motion for a new trial. There is only one way to bring before this court any evidence offered and rejected in the court below, and that is by incorporating it in a bill of exceptions, either by a copy included therein or by making it an exhibit thereto. Section 171, L. O. L., provides: "The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more." Article VII, Section 3 of the Constitution, as amended, provides: "Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony," etc. While the reporter's transcript and other papers purporting to be parts of the testimony accompany the transcript, they are not properly here, nor do they bear that authentication by the court which a properly prepared and signed bill of exceptions would give them. Therefore we cannot look into the purported testimony to ascertain the relevancy of the papers offered and rejected.

No objection was made to the sufficiency of the pleadings or to the jurisdiction of the court, and the appeal will be dismissed.                    APPEAL DISMISSED.