## WHITE *v.* EAST SIDE MILL CO.*

(155 Pac. 364; 158 Pac. 173; 158 Pac. 527.)

**Appeal and Error—Filing Brief—Timeliness.**

1.   Where the Supreme Court extended the time for filing appel-
lant's brief to and including February 12th, on which date appellant
filed its brief, showing service of a copy on February 11th, the brief
was filed in time.

**Pleading—Reply—Denial—Negative Pregnant.**

2.   In action for death from negligent operation of defendant's
auto truck, a reply consisting of conjunctive denials of conjunctive
allegations of contributory negligence was insufficient as a denial
thereof.

**Pleading—Denial—Negative Pregnant.**

3.   Material facts alleged conjunctively must be denied disjunc-
tively.

**Pleading—Denials—Sufficiency.**

4.   Denial that plaintiff's decedent carelessly or negligently stepped
in front of defendant's truck, or failed to look out for his safety, is
not a denial of doing such acts, but only of the manner of doing, espe-
cially where by demurrer, or by motion for judgment on the plead-
ing, plaintiff's attention was directed to the deficiency of the allega-
tion, which he refused to cure.

**Appeal and Error—Scope of Review—"Error Committed During the
Trial."**

5.   Plaintiff's denial that her decedent carelessly stepped in front
of a truck, or negligently failed to look out for his own safety, pre-

---

*As to effect of general denial on necessity for proving freedom
from contributory negligence, see note in 33 L. R. A. (N. S.) 1157.
REPORTER.

senting a deficiency of pleading, is not an "error committed during the trial," within the provisions of Article VII, Section 3, of the Constitution, requiring affirmance in spite of such errors.

**Appeal and Error—Scope of Review—Constitutional Provisions.**

6.   Article VII, Section 3, of the Constitution, requiring affirmance, notwithstanding errors committed during the trial, if the judgment was such as should have been rendered, is not intended to authorize courts to disregard statutes requiring sufficient pleadings or other preliminaries to trial.

From Multnomah: Henry E. McGinn, Judge.

In Banc.   Statement by Mr. Justice Harris.

This is an action by Lulu B. White, administratrix of the estate of James R. White, deceased, against the East Side Mill & Lumber Company, a corporation.

The defendant appealed from a judgment which was favorable to the plaintiff, and the latter has filed a motion to dismiss the appeal, claiming that the appellant has not filed its brief within the prescribed time.

DENIED.

*Mr. R. A. Sullivan,* for the motion.

*Messrs. Asher & Johnstone, contra.*

Mr. Justice Harris delivered the opinion of the court.

1. This court extended the time for the filing of the brief to and including February 12, 1916.   On February 12th the defendant filed its brief showing service of a copy on February 11th.   The brief was therefore filed in time, and the motion is denied.

DENIED.

Mr. Justice Eakin took no part in the consideration of this case.

Reversed June 13, 1916.
ON THE MERITS.
(158 Pac. 173.)

Department 1.    Statement by MR. JUSTICE McBRIDE.

This was an action to recover damages for a personal injury to plaintiff's intestate, whereby he lost his life. The complaint alleged, in substance, that the deceased was a traffic policeman of the City of Portland; that in the performance of his duty to regulate traffic he was standing in the middle of the intersection of East Burnside Street and Union Avenue, and that an auto truck of defendant driven by one Mergens was carelessly and negligently driven against him, causing his death; that it was the duty of the driver of said truck to proceed at a reasonable speed, but instead of so doing he drove the same recklessly and negligently, and in utter disregard of the safety of deceased, and at a rate of speed which was greater than was safe and proper; that in driving said truck from Union Avenue east on said Burnside Street it was the duty of defendant's driver, while said auto truck was being so turned to the left, and so run from Union Avenue east on Burnside Street, to run to and beyond the center of the intersection of such streets, at which point the said James R. White was then and there standing and directing said traffic as a police officer; that notwithstanding this duty the defendants, acting by and through its said agent, servant and employee did not drive the said auto truck beyond the center of the intersection of such streets, but drove and operated the said auto truck directly over and across the center of the intersection of the said streets and directly over and across the point at which the

said James R. White was then and there standing, and in so doing the said auto truck ran into and struck the said James R. White and knocked him with great force to the pavement, causing the injuries which resulted in his death. It is further alleged that the seat upon which the said Mergens was sitting while so operating said auto truck was inclosed at the rear and on both sides with a hood, which prevented the driver from looking to the rear or to either side of the auto truck and from seeing the condition of the traffic on said streets, and in so having and maintaining such hood around said seat the defendant acted negligently and carelessly and in disregard of the safety of the deceased, which directly caused the injury.

The defendant answered, admitting that the deceased was killed by collision with the truck driven by its employee, but denied the allegations of negligence and want of care on the part of its driver. There was also a plea of contributory negligence, which was, in substance, as follows: That on or about November 17, 1914, at about 6:15 or 6:30 P. M. of said day, one James R. White was acting as police officer of the City of Portland, Oregon, directing traffic in accordance with the traffic ordinances of the City of Portland at the intersection of Union Avenue and East Burnside Street in said City of Portland; that at that time an auto truck, belonging to defendant and driven by one of its employees, to wit, Alfred Mergens, was by said Mergens driven southward upon said Union Avenue on the right hand or west side of the street; that when said auto truck reached a point on Union Avenue near the northwest corner of such avenue and East Burnside Street, and north of East Burnside Street, Mergens stopped the auto truck belonging to defendant; that James R. White was standing at or near the inter-

section of the streets, and gave signals to Mergens to proceed; that Mergens, after receiving the signals from said White to proceed, started up at a slow, safe and reasonable rate of speed, and at such rate of speed nearly crossed East Burnside Street, and, after passing well beyond the middle of such street, turned to the left and toward the east, in order to proceed eastward along East Burnside Street; that after giving the signals to Mergens to proceed the deceased carelessly and negligently turned his back upon Mergens and looked in a southerly direction, giving signals to vehicles which were stopped on Union Avenue south of East Burnside Street and directing them to advance northward; that as said Mergens, driving defendant's auto truck, passed around him, he carelessly and negligently kept his back turned to said auto truck, and after the front wheels of it had passed by deceased, and while the eyes and attention of Mergens were fixed forward and toward the east on East Burnside Street, in order to proceed carefully eastward along that street, said White carelessly and negligently stepped backward in front and directly in the path of the moving rear wheels of the auto truck, which struck him, knocked him down and inflicted upon him the injuries which resulted in his death; that deceased was guilty of contributory negligence which caused the accident and injuries referred to, in that, although he had notice and full knowledge of the dangerous position in which he was acting as traffic officer on a vehicle filled street in the congested district of the City of Portland, and although he knew and fully appreciated the danger of failing to look out for himself and to keep a careful watch over the passage of traffic of all kinds at the said intersection, he nevertheless carelessly and negligently turned his back upon defend-

ant's auto truck, and failed to look out for the danger
of being struck by it, or some part thereof, or by some
other vehicle which might be passing in compliance
with his signals and directions.

The reply denied the matter in the answer in prac-
tically the following terms: The plaintiff admits the
allegations contained in paragraph 2 of the answer,
except that she denies the said James R. White gave
signals to Mergens to proceed, that Mergens started
at a slow, safe and reasonable rate of speed, and that
he passed well beyond the middle of East Burnside
Street before turning to the left and toward the east;
and she further denies that the deceased carelessly
and negligently turned his back upon Mergens, or care-
lessly and negligently looked in a southerly direction,
that Mergens, driving the defendant's auto truck,
passed around deceased, that deceased carelessly and
negligently kept his back turned to the auto truck,
and that the said White carelessly and negligently
stepped backward in front and directly in the path of
the moving rear wheels of the auto truck as alleged.
The plaintiff denies that the said James R. White was
guilty of contributory negligence, and that he failed
to look out for himself and to keep a careful watch
over the passage of traffic on said streets, and denies
that he carelessly and negligently turned his back on
defendant's auto truck, and failed to look out for the
danger of being struck by the auto truck, or any part
thereof, or any other vehicle which might be passing
in accordance with his signals; and she alleges the
facts to be as set forth in her complaint heretofore
filed, and not otherwise.

Defendant demurred to the reply, for the reason
that it did not state facts sufficient to constitute a de-
fense to the new matter in defendant's answer, and in

accordance with the rules of the Circuit Court of Multnomah County gave the following notice of the points upon which it would rely on the hearing of the demurrer:

"Upon the hearing of this demurrer defendant will submit that said reply to which the demurrer is directed, being conjunctive in form, is therefore pregnant with admissions of the allegations contained in the affirmative answer of defendant, and hence does not constitute a denial in law of said affirmative defense."

The demurrer was overruled, and upon the trial a verdict was had, from which defendant appeals.

REVERSED.

For appellant there was a brief over the name of *Messrs. Asher & Johnstone,* with an oral argument by *Mr. Hamilton Johnstone.*

For respondent there was a brief and an oral argument by *Mr. R. A. Sullivan.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

2, 3. We greatly regret being compelled to reverse this case upon a question of pleading, but we see no way to avoid doing so without violating all the established rules of pleading, both as prescribed by the Code and as they existed at common law. The rules of pleading under our Code are plain and easily followed. A party may make a general denial of all the allegations of a pleading, except such as he wishes to admit, or he may make a specific denial of each. It is a rule everywhere and under all systems of pleading that, where several material facts are alleged

81 Or.—8

conjunctively, the denial must be so specific as to indicate the intent of the pleader to deny all of such allegations, and it is the universal rule that material facts alleged conjunctively must be denied disjunctively. Mr. Bliss states the reason for this rule in the following language:

"There is a special reason, in states in which it is necessary to make oath to pleadings, why a negative pregnant should not be tolerated. No one could be convicted of perjury who should swear to such a denial, as it is uncertain what fact he intended to deny": Bliss on Code Pleading, § 332.

The question is settled in this state in the case of *Scovill* v. *Barney*, 4 Or. 288. In that case the complaint alleged that the plaintiff on February 15, 1870, "was mentally infirm *and* not of sound mind, *and* so insane as to be *wholly* incapable of attending to business." The denial was as follows: "Defendant also denies that at the date of the 15th of February, 1870, the plaintiff was mentally infirm *and* not of sound mind, *and* so insane as to be *wholly* incapable of attending to business." The court held the denial to be insufficient. In *Moser* v. *Jenkins*, 5 Or. 447, which was in replevin, the complaint alleged in substance, that upon a certain date the defendant wrongfully took *and* detained certain goods, the property of plaintiff, and that he still unjustly detains the same. The reply was as follows: Denies "that on and ever since the tenth day of April, 1875, the defendant wrongfully took *and* detained said goods and property from this plaintiff"; denies "that he still *unjustly* detains the same." The court held that the denials were insufficient to raise any issue, and were virtual admissions of the truth of the allegations of the complaint. The subject will be found treated at length, with copious

citations, in 1 Sutherland on Code Pleading, Sections 417, 418.

The reply in the case at bar consists wholly of conjunctive denials. It denies that deceased failed to look out for himself *and* keep a careful watch over the traffic on said street, which in its final analysis is an admission that he might have been negligent in one or the other of these respects. It denies that he *carelessly* and *negligently* turned his back on the defendant's auto *and* failed to look out for danger of being struck, which is entirely consistent with the theory that he might have turned his back to the approaching truck, but that the act was not done in a careless or negligent manner, or that he might have turned his back without negligence and yet have failed to look out for danger of being struck. It denies that he *carelessly* and *negligently* stepped back in front and directly in the path of the moving rear wheels of the auto truck, which amounts to an admission that he stepped backward in front and directly in the path of the truck, but that he did not do it negligently and carelessly. This is exactly the class of denials condemned by the cases above cited and explicitly declared by them to raise no issue. The plaintiff should have confessed the demurrer and obtained leave to amend, which would have been cheerfully granted by any court. Having persistently refused to do this, we cannot remedy the omission here. This court has been exceedingly liberal in regard to defects in pleading, but it cannot extend that liberality so far as to condone the omission of material averments or denials. This view of the case renders it unnecessary to consider the other questions so ably discussed upon the hearing.

The judgment is reversed and the demurrer to the reply sustained, and the cause remanded to the Circuit Court, with leave to plaintiff to apply there for permission to amend her reply.    REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.

---

Denied July 11, 1916.

ON PETITION FOR REHEARING.

(158 Pac. 527.)

*Mr. R. A. Sullivan,* for the petition.

*Messrs. Asher & Johnstone, contra.*

Department 1.    MR. JUSTICE McBRIDE delivered the opinion of the court.

4. It was wholly unnecessary for counsel in his petition for a rehearing to dwell upon the inconveniences to which his client will be subjected by a retrial of this case. These were fully weighed and their necessity deplored when the case was considered. This court, being composed of persons having at least the ordinary modicum of human sympathy, would gladly have overlooked any error of the court below which did not involve the violation of a plain provision of the statute. But it is plain, and every lawyer is cognizant of the fact, that a denial that a person "carelessly" did an act is not a denial that he did the act, and a denial that a person "negligently" failed to look out for his safety is not a denial that he actually failed to do so, but goes only to the manner in which he failed. Both as a matter of grammar and as a matter of law the doing of the act charged

is not denied; the denial going merely to the manner
in which the act was done, and not to the fact that it
was actually performed.   So in this case it was ad-
mitted, by failing to deny, that the deceased stepped
back directly in the path of the moving wheels of the
truck, and that he failed to look out for himself and
turned his back upon the truck.

But it is said that it is plain that the plaintiff in-
tended to deny these allegations.   How plain?   The
notice accompanying the demurrer pointed out these
very defects, which, as shown in the original opinion,
could have been remedied in half an hour by an
amendment, and plaintiff's counsel refused to correct
them.   They were again called to his attention by a
motion for judgment upon the pleadings, made before
the trial began, and again he failed to avail himself
of an opportunity to amend.   It is apparent that de-
fendant was objecting at every stage of the case to
trying it upon these defective pleadings.   Now, the
appeal brings up the case to be heard upon the ques-
tions raised in the court below, and the very first ques-
tion which confronts us is defendant's demurrer to
plaintiff's reply.   That it was well taken and should
have been sustained is unquestionable.   That we fol-
lowed the decisions of our own court, made when the
statute, except for the provision with respect to gen-
eral denials, was substantially as it is now, is admitted.
Pleading in this state is not regulated by the common
law, but by statute, and the decisions in this state were
made upon the statute; and an examination of the
authorities shows that in all the Code states where
the subject has been discussed denials of the char-
acter here considered have been held insufficient to
raise an issue.   Our conclusion, therefore, is not a
resurrection of an ancient rule of common-law plead-

ing, but the enforcement of a plain requirement of the statute, and all the industry of counsel has not discovered a single case holding a contrary view.

5, 6. This is not a case of an error "committed during the trial," and, therefore, within the provisions of Article VII, Section 3, of our present Constitution. If the writer of this opinion knows anything about that provision, and he assisted in framing it and has diligently sought to apply it, it was not intended to authorize the courts to disregard statutes requiring sufficient pleadings or other preliminaries to a trial. The mistake here did not occur at the trial, but before the trial. It was not a casual inadvertence, such as a judge in the hurry of a jury trial may commit in ruling upon an objection to testimony; neither was it an error which was not called to the attention of counsel before the trial commenced. Every party to an action is entitled to demand that the issues shall be clearly stated in the pleadings before his cause is put upon trial. Such demand was seasonably made in this case, and plaintiff's attorney refused to deny plainly and explicitly, and in contemplation of law to deny at all, the material averments of the answer. This is not a question of fanciful distinctions between the conjunctions "and" and "or," nor is it a question of definition of the adverbs "negligently" and "carelessly." It is a question as to whether certain allegations of the complaint have been denied. A very short word may change the whole meaning of a sentence. Eliminate the little adverb "not" from the Ten Commandments and there remains an injunction to commit the very offenses there prohibited. A law requiring an offender to be fined "and" imprisoned would not be complied with by inflicting a

fine and omitting the imprisonment, and *vice versa.*
One requiring an offender to be fined ''or'' impris-
oned would be violated by inflicting both fine and
imprisonment.   The distinction is so plain it is sel-
dom that pleaders overlook it; and there is a reason
for the fact, referred to in counsel's brief, that the
only decisions cited in the opinion are away back in
the fourth and fifth volumes of the Oregon Reports.
That reason is that few attorneys have committed the
same error, but it may be noted that in *McCormick
Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189), in
an opinion by WOLVERTON, C. J., it was held that a
denial of the character here indicated raised no issue,
and that ruling was followed in *Minter* v. *Minter,*
80 Or. 369 (157 Pac. 157).

The petition for rehearing is denied.

REVERSED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT
and MR. JUSTICE BENSON concur.