Argued September 13; reargued November 8; affirmed
November 19, 1935

## STATE *v.* CHRISTENSEN

(51 P. (2d) 835)

*Leland S. Duncan,* of McMinnville, for appellant.

*Earl A. Nott,* District Attorney, of McMinnville, for
the State.

CAMPBELL, C. J. On February 14, 1935, defend-
ant, Otto Christensen, was driving an automobile from

Portland towards McMinnville on the West Side Pacific highway. On the same day, William A. Zosel, an officer of the state police, was patrolling said highway and riding in his automobile easterly in the vicinity of Dundee where defendant and the officer met. The officer had a speaking acquaintance with defendant so that they usually greeted each other when they met. On this particular day when they met, defendant made no gesture of recognition and went by without speaking. Defendant had the reputation, which was known to the officer, of being a bootlegger, transporting alcoholic liquor from Portland or vicinity, his source of supply, and disposing of it in McMinnville or vicinity. When the defendant went by without greeting the officer, he concluded that, in all probability, he, the defendant, was transporting alcoholic liquor in his car at that time. The officer thereupon turned around and followed him. Defendant was not violating any of the traffic laws at that time. When the defendant had proceeded as far as Lafayette, he drove through the business part of the town at a rate of 27 miles per hour. This, the officer believed, was a violation of the speed law. He drove up behind defendant's car and sounded his siren. Defendant pulled his car off to one side of the road. The officer drove in behind defendant's car, parked his car, and came alongside of defendant's car, a sedan. As the officer came alongside, he saw two cartons in the rear of the car. In one of the cartons, he saw glass jugs containing a liquid. The officer asked defendant, "what was his hurry". He then asked what he had in the car and the defendant answered, "Nothing". The officer opened the door of the car and upon examination found two cartons, each of which contained six glass gallon jugs of alcoholic liquor containing more than 14 per cent alcohol by weight. He then informed the de-

fendant he was under arrest and to drive his car with its contents to McMinnville, the officer getting in with him.

On the way to McMinnville, defendant took from his pocket a bottle of moonshine whiskey and drank out of it, and surreptitiously slipped it down between the cushions of the car. When they arrived at McMinnville, the officer asked him where the pint flask was and he told him that he left it in the car, where the officer afterwards discovered it.

Defendant waived indictment, and on February 26 the district attorney for Yamhill county filed an information against him in the circuit court for said county, charging him with the crime of unlawfully transporting alcoholic liquor. On the same day the defendant entered a plea of not guilty.

On February 28, defendant filed a motion, supported by affidavit requesting the suppression of the evidence found by the officer in defendant's car and seized by him on the ground that said goods were seized and his car searched unlawfully, without authority and in violation of defendant's constitutional rights relative to search and seizure: Article 1, § 9, Constitution of Oregon.

To this affidavit, the officer filed a counter-affidavit setting up facts practically as set out in the statement of the case herein. The court refused to allow the motion to suppress the evidence.

On March 15, the defendant was tried and the gallon jugs and the pint flask containing moonshine whiskey were introduced in evidence over the timely objection of defendant. At the close of the state's case, the defendant moved for a directed verdict on the ground that there was no legal evidence of defendant's guilt on account of the seized evidence being wrongfully admitted. The court overruled the motion. The defendant

did not take the witness stand nor did he introduce any evidence.

The jury returned a verdict of guilty and sentence was pronounced thereon. Defendant appeals.

The errors complained of are all comprised in the court's ruling in permitting the jugs of whiskey and the pint of whiskey to be introduced in evidence, and in overruling the motion to suppress said evidence.

The officer exercised special care that no arrest should be made until there was what he believed a clear violation of the law in his presence. The officer had a "hunch", founded on his knowledge of appellant's reputation and past record as a distributor of illicit moonshine whiskey and on the conduct of appellant in going by him without recognition, that appellant, at the time was engaged in unlawfully transporting alcoholic liquor. As an officer sworn to enforce the law, he concluded that it would be advisable to follow appellant.

As appellant came into the town of Lafayette, he was driving at the rate of about 22 miles per hour and kept increasing his speed until he was driving at the rate of 27 miles per hour through the business section of the town. The officer concluded that such rate of speed in that district was not "reasonable or prudent", but was a violation of the basic rule relating to motor vehicle traffic as well as the indicated speed: § 55-2201, Oregon Code Supp. 1935. The officer thereupon sounded his siren and the appellant pulled to one side of the highway and stopped, thus submitting himself to arrest. The jugs and their contents were first observed by the officer when he came to appellant's car and asked him "what was his hurry". Having seen those jugs, and believing that they contained

alcoholic liquor, he made further investigation or search and was confirmed in his belief.

This court quoted with approval from *Carrol v. United States,* 267 U. S. 132 (45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790) :

"It thus appears that the reasonableness of a search or seizure is not determined either at common law or under our statutes by the presence or absence of a warrant therefor. It is a judicial question to be determined by the court in each case, taking into consideration the place searched, the thing seized, the purpose for, and the circumstances under which the search or seizure was made, and the presence or absence of probable cause therefor." *State v. Lee,* 120 Or. 643 (253 P. 533).

The officer took appellant, his car, and the alcoholic liquor to McMinnville, and brought him before the circuit judge where the appellant waived indictment and thereafter the district attorney filed in the circuit court the information upon which appellant was tried.

The testimony of the officer is to the effect that he honestly believed that the appellant was violating the motor vehicle law at the time he made the arrest. There is no evidence to the contrary, nor is there any evidence that appellant was not violating the traffic law at the time of the arrest. This court can not say as a matter of law that defendant was not guilty of violating the motor vehicle law in driving at that rate of speed under the circumstances. As this violation occurred in the presence of the officer, he had a right to make the arrest. A peace officer may arrest a person without a warrant "for a crime committed or attempted in his presence": Oregon Code 1930, § 13-2111. The stopping of appellant was in effect an arrest. The appellant, when he heard the officer's siren, submitted

himself to the direction and custody of the officer. "An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer.": Oregon Code 1930, § 13-2105.

The question of arrest and search and seizure has been fully determined adversely to the contentions of appellant, in *State v. McDaniel,* on rehearing, 115 Or. 235 (237 P. 373).

The officer was not compelled to continue the arrest for the violation of the traffic law when he lawfully discovered a violation of the Oregon Liquor Control Act.

"It is urged that the arrest followed, and did not precede, the search. In our opinion it is immaterial whether the arrest preceded or followed the search if such acts were practically simultaneous, and if, in fact, the defendant was guilty of committing a crime in the presence of the officers for which he might have been arrested. In many instances it is dangerous for an officer to go through the formality of stating that the accused is under arrest, and the law does not require him to do so. It is oftentimes safer to act first and talk afterward." *State v. McDaniel,* supra.

For a further discussion on the admissibility of evidence against the accused obtained by illegal search and seizure, see: *State v. Ware,* 79 Or. 367 (154 P. 905, 155 P. 364); *State v. Wills,* 91 W. Va. 659 (114 S. E. 261, 24 A. L. R. 1398), with extensive note thereto; 4 Wigmore on Evidence (2d Ed.) §§ 2183, 2184; also see the recent case of *Herrscher v. State Bar of California,* 49 P. (2d) 832.

In conclusion we quote:

"The constitution and laws of the land are not solicitous to aid persons charged with crime in their efforts to conceal or sequester evidence of their iniquity. From the necessities of the case the law countenances many devious methods of procuring evidence in crim-

inal cases. The whole system of espionage rests largely upon deceiving and trapping the wrongdoer into some involuntary disclosure of his crime. It dissimulates a way into his confidence; it listens at the keyhole and peers through the transom-light. It is not nice, but it is necessary in ferreting out the crimes against society which are always done in darkness and concealment." *People v. Mayen,* 188 Cal. 237 (205 P. 435, 24 A. L. R. 1383).

It was not error on the part of the circuit court to permit the articles obtained by the officer to be submitted in evidence to the jury.

The judgment of the circuit court will be affirmed.

It is so ordered.

BELT, J., concurs.

RAND, J., dissents.

———

ROSSMAN, J. (specially concurring). I concur in sustaining the judgment of the circuit court, but base my conclusion upon the following: In *Carroll v. United States,* 267 U. S. 132 (69 L. Ed. 543, 45 S. Ct. 280, 39 A. L. R. 790), the court recognized that the search of an automobile found upon the public highway may be lawful even though the searching officer possesses no search warrant. He must possess knowledge or information of facts constituting probable cause for a reasonable belief that the automobile which he is about to search contains illegal liquor. The following is quoted from *Husty v. United States,* 282 U. S. 694 (75 L. Ed. 629, 51 S. Ct. 240, 74 A. L. R. 1407):

"The Fourth Amendment does not prohibit the search, without warrant, of an automobile, for liquor illegally transported or possessed, if the search is upon probable cause; and arrest for the transportation or

possession need not precede the search. Carroll v. United States, 267 U. S. 132 [69 L. Ed. 543, 39 A. L. R. 790, 45 S. Ct. 280]. We think the testimony which we have summarized is ample to establish the lawfulness of the present search. To show probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act. Dumbra v. United States, 268 U. S. 435, 441 [69 L. Ed. 1032, 1036, 45 S. Ct. 546]; Carroll v. United States, supra. It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched. See Dumbra v. United States, supra; Stacey v. Emery, 97 U. S. 642, 645 [24 L. Ed. 1035, 1036].

"Here the information, reasonably believed by the officer to be reliable, that Husty, known to him to have been engaged in the illegal traffic, possessed liquor in an automobile of particular description and location; the subsequent discovery of the automobile at the point indicated, in the control of Husty; and the prompt attempt of his two companions to escape when hailed by the officers, were reasonable grounds for his belief that liquor illegally possessed would be found in the car."

In both the Carroll and Husty cases the federal supreme court held the searches valid even though the officers did not have search warrants. A large number of other decisions sustaining the validity of searches without warrants are collected in the annotations accompanying the reprint of *Carroll v. United States* in 39 A. L. R. at page 811, and *De Pater v. United States,* 74 A. L. R. at page 1418. See also *Silver v. State,* 110 Tex. Crim. Rep. 512 (8 S. W. (2d) 144, 9 S. W. (2d) 358, 60 A. L. R. 290).

2. In the present instance, before the officer conducted the challenged search he knew that the defendant

was a vendor of illicit liquor, that he had customers in McMinnville and that he had been previously convicted upon liquor charges. He had also observed the defendant's efforts to avert recognition and had seen in the defendant's car cartons containing liquids. He knew that the defendant used his automobile for the transportation of liquor. In my opinion, this information constituted probable cause for a belief that the defendant's car contained illegal liquor. For support of this conclusion, see the annotations previously cited. The officer's act in looking into the defendant's car and observing the cartons did not constitute a search: *Sands v. State,* 36 Okl. Crim. Rep. 55 (252 P. 72), and *Young v. State,* 115 Tex. Crim. Rep. 560 (27 S. W. (2d) 801).

3. An automobile is the object involved. I am satisfied that no arrest was made before the search occurred. But since the officer had sufficient information to justify the issuance of a warrant for a search of the car his action violated no right possessed by the defendant regardless of whether the defendant should or should not have been stopped for a traffic violation.

BEAN, KELLY and BAILEY, JJ., concur.