Argued February 3; affirmed February 8, 1938

# HARLOW *v.* CHENOWETH ET UX.

(75 P. (2d) 937)

Department 2.

*McDannell Brown*, of Portland (Lester W. Humphreys and F. M. Sercombe, both of Portland, on the brief), for appellants.

*David Greenberg* and *Gus Solomon*, both of Portland, for respondent.

BAILEY, J. This action was instituted by the plaintiff, F. E. Harlow, against the defendants, A. L. Chenoweth and Theodosia Chenoweth, his wife, to recover on a note for $1,000 given by the defendants to the plaintiff. The defendants in their first affirmative answer pleaded payment of the note, and then by way of counterclaim set up certain alleged claims against the plaintiff. From a judgment in favor of the plaintiff in the sum of $395.25 the defendants prosecute this appeal.

The defendants contend that the denials contained in the reply are negatives pregnant, insufficient to raise any issue as to the amount of defendants' damage, and are virtually admissions of the truth of the allegations of the counterclaims as to damages. The execution of the note is admitted, and the only question with which we are here concerned is whether the circuit court erred in not allowing substantially the aggregate amount of defendants' counterclaims as a setoff to plaintiff's demand.

The defendants' first counterclaim alleges that in May, 1931, the plaintiff and the defendants entered into an agreement whereby the plaintiff was to plant and harvest a crop from 300 dahlia bulbs supplied by the defendants, and was to return to defendants one-half of said bulbs and turn over to them one-half of the yield from said bulbs, ''and the crop that would result from the harvest of said bulbs would be worth the sum of $1,360''. Paragraph III set forth that the defendants fully performed their part of the agreement, but the plaintiff failed and neglected to perform the contract on his part; and that the defendants have been damaged thereby in the sum of $680.

The second counterclaim is based on a similar alleged contract whereby the defendants delivered to the plaintiff bulbs of certain named varieties of dahlia, which were alleged to be of the value of $104.75, and the reasonable value of the dahlia bulbs and the crop therefrom to be harvested was alleged to be $628.50.

The plaintiff filed a reply to the defendants' answer and in respect to the first counterclaim admitted ''receiving dahlia bulbs from the defendants, the number and variety of which are to him unknown. This plaintiff denies that the reasonable value of the bulbs and the resulting crop from the harvest of said dahlia bulbs would be $1,360 and denies that the reasonable value of the bulbs turned over to plaintiff was $300.''

The plaintiff further replied, denying all the allegations of paragraph III of the first counterclaim.

As to the second counterclaim, the reply admitted that plaintiff had received from the defendants on the date alleged in the counterclaim dahlia bulbs, ''the exact number and variety of which are to him unknown, but specifically denies that they are of the reasonable

value. of $104.75. Plaintiff denies that the value of said dahlia bulbs and the crop therefrom, after being harvested, would be the sum of $628.50.'' The plaintiff denied the whole third paragraph of the second counterclaim, which alleged the performance of the contract by the defendants, the plaintiff's failure to perform and the defendants' damages.

The action originally was commenced in the district court for Multnomah county, where judgment was recovered by plaintiff against the defendants in the sum of $395.25 with costs and disbursements. From that judgment the defendants appealed to the circuit court, where recovery was had by plaintiff in the same amount awarded by the district court. No bill of exceptions or transcript of the evidence has been filed in this court, and in our determination of the matters involved on this appeal we are limited to the pleadings, findings of fact, objections thereto and the judgment.

From the record before us it does not appear that the defendants at any time, before or during the trial of the case, except as hereinafter stated, raised any objection to the sufficiency of the denials in plaintiff's reply to raise an issue as to the value of the bulbs delivered by the defendants to the plaintiff, or as to the amount of damages which the defendants suffered by reason of the alleged breach of the agreement by the plaintiff. From the findings of fact and, inferentially at least, from the objections thereto by the defendants, it appears that evidence was introduced concerning the amount to which defendants were entitled as a set-off. The findings so recite, and in the objections thereto it is specified that the findings ''as to the value of certain bulbs is at variance with and contrary to the only competent evidence offered.''

The proposed findings were also objected to by the defendants on the ground that the "first and second counter-claims * * * are not denied by the reply."

The defendants, in support of their position, cite and rely upon *Hewitt v. Huffman,* 55 Or. 57 (105 P. 98), *White v. East Side Mill Co.,* 81 Or. 107 (155 P. 364, 158 P. 173, 527), and *McIntosh Livestock Co. v. Buffington,* 108 Or. 358 (217 P. 635). In *Hewitt v. Huffman* the question here involved does not seem to have been discussed to any extent and that decision has little, if any, bearing on the case before us. In *White v. East Side Mill Co.,* supra, the reply denied that the plaintiff "carelessly and negligently" did certain acts. This reply was demurred to by the defendant on the ground that it did not state facts sufficient to constitute a defense to the new matter in defendant's answer, and it was definitely specified as one of the points on which defendant would rely on the hearing of the demurrer that the denial in the reply was defective in form and "therefore pregnant with admissions of the allegations" of the answer. The attention of the trial court was repeatedly directed to the defective pleading, by the defendant, the opinion states, and, "It is apparent that the appellant was objecting at every stage of the case to trying it upon these defective pleadings." With that in mind, the supreme court reversed the judgment of the trial court and sustained the demurrer to the reply, with leave to the plaintiff to apply to the circuit court for permission to amend her reply.

In *McIntosh Livestock Co. v. Buffington,* supra, the denials in the answer were in the nature of negatives pregnant, but the insufficiency of such denials was not raised until the case reached this court. It was pointed out in the opinion therein "that no demurrer or motion to strike or to make more definite and certain or for

judgment on the pleadings or for nonsuit or for a directed verdict or in arrest of judgment'' was made or filed in the trial court on the ground of insufficiency of the denials in the answer to raise an issue of fact, and therefore this court said that the objection came too late to be considered.

It was stated in *O'Brien v. Seattle Ice Co.*, 43 Wash. 217 (86 P. 399), that:

"We think that, under the allegations of this answer, plaintiff was advised of the fact that the defendant intended to deny the allegations of the complaint as set forth in paragraph 2, and that, in any event, if there had been any doubt as to the proper construction to be placed upon the answer, under the provisions of the code it was his duty to have moved to make the answer more definite and certain."

The rule is thus stated in 49 C. J. at page 270:

"An objection to a negative pregnant will not be regarded favorably by the court where it is not made before trial, especially where it does not appear that plaintiff has been misled . . ."

See, also, *Hershey v. O'Neill*, 36 Fed. 168.

There is nothing in the record here to indicate that the defendant has in any way been misled by the denials contained in plaintiff's reply. As a matter of fact, the reply does deny the allegations contained in the answer as to performance by the defendants and nonperformance by the plaintiff, and the amount of damages which the defendants claim to have suffered through plaintiff's breach of the contract. Those particular denials are not vulnerable to the objection made to the other denials. It is unreasonable to assume that the defendants in the trial of the case relied on plaintiff's denials as an admission of certain allegations in the answer. From the record before us it would appear

that the case was tried as though all parties were treating the denials now assailed as sufficient to raise an issue of fact. Although it is argued here by the defendants that in their objections to the proposed findings, the insufficiency of the denials in the reply to raise an issue of fact was pointed out, the objection as stated is too indefinite to indicate what they had in mind. But even conceding what defendants claim, the objection came too late.

■ To reverse this case on the ground now suggested by the defendants would be to sacrifice substance to form. This case, as above stated, was first tried in the district court and appealed by the defendants to the circuit court, where a like judgment was rendered, and then appealed to this court. We believe that this is a proper instance to invoke the provision of section 7-514, Oregon Code 1930, imposing, for frivolous appeal, a penalty of 10 per cent of the amount recovered in the circuit court, for the reason that it is apparent that this appeal was taken for the purpose of delay and without any probable cause. We therefore affirm the judgment and award the plaintiff an additional 10 per cent of the amount of the judgment recovered by him in the circuit court.

BEAN, C. J., and RAND and LUSK, JJ., concur.