Argued 5 March, decided 2 April, 1907.

## SCOTT *r.* CHRISTENSON.

### 89 Pac. 376.

PLEADINGS—AIDER BY VERDICT.

1. The imperfect allegation or recital in a complaint that two dollars was paid January 2, 1899, in the allegation that nothing had been paid on the note sued on, "except  *  *  the sum of $2 paid on account thereof, Jan. 2, 1899," is cured by a general verdict for plaintiff, the issues joined requiring proof thereof.

NOTES—LIMITATIONS—EFFECT OF PART PAYMENT.

2. A payment on a joint obligation by one of the obligors or his agent or legal representative revives it against all who were liable thereon, though made without even their knowledge.

NOTES—COMPETENCY OF EVIDENCE OF PAYMENT.

3. In an action against several makers of a note, the testimony that one of the makers paid to the witness, who was authorized to receive it, a stated sum at a stated time, is competent, though the witness is not certain which maker made the payment.

NOTES—LIMITATIONS—INDORSEMENT OF PART PAYMENT.

4. An indorsement on a note, purporting to acknowledge receipt of money, is admissible in evidence in favor of the party making it, to repel the presumption of the bar of limitations, on his testifying that one of the joint makers paid the money to him to be credited on the note.

PRODUCTION OF LETTER—PRESUMPTION AS TO RULING OF TRIAL COURT.

5. The bill of exceptions as to the admission of secondary evidence of the contents of a letter, demand for production of which was made on defendant at the trial, being silent on the subject, it will be presumed that the evidence disclosed that defendants had sufficient time for production of the letter.

From Marion: GEORGE H. BURNETT, Judge.

Action by Charles Scott, executor of R. H. Scott, deceased, against M. Christenson and another. Judgment for plaintiff, and defendants appeal.                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief with oral arguments by *Mr. Charles William Corby* and *Mr. Henry Johnson Bigger.*

MR. JUSTICE MOORE delivered the opinion of the court.

This action was commenced in September, 1904, by Charles Scott, as executor of the last will and testament of R. H. Scott, deceased, to recover the remainder alleged to be due from de-

fendants on their promissory note given to the testator. The complaint alleges the execution of the instrument, the making of a last will by the testator, his death, the probate of the will, the plaintiff's nomination, appointment and qualification as executor, his right to the note, and also avers:

"That defendants have not paid said note, nor any part thereof, except the sum of $20.50, as interest thereon, paid on January 19, A. D. 1897, and the sum of $2, paid on account thereof, on the 2d day of January, A. D. 1899, and there is now due and owing thereon (less the above-mentioned credits), the sum of $74, with interest thereon at the rate of 8 per cent per annum from the 20th day of April, A. D. 1893."

The answer denied the allegations of the complaint, except the execution of the note and the plaintiff's representative capacity, and alleged a complete discharge of the instrument, and that no payments had been made thereon by the defendants or either of them since August 20, 1896, by reason whereof the action is barred by the statute of limitations. The reply put in issue the allegations of new matter in the answer, and, a trial being had, judgment was rendered against the defendants as demanded in the complaint, and they appeal.

1. It is contended by defendants' counsel that, as it appears from the face of the plaintiff's primary pleading that the statute of limitations had fully run since the maturity of the note sued upon, it was incumbent upon him to allege in positive terms a payment within six years prior to September, 1904, but, not having done so, the complaint fails to state facts sufficient to constitute a cause of action. No demurrer to the complaint was interposed, in the absence of which every reasonable inference deducible from the pleadings will be invoked in favor of a general verdict, which, though it will not supply the omission of a material averment, cures a defective statement, if the issue joined necessarily required proof of the facts imperfectly alleged: *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884) ; *Savage* v. *Savage,* 36 Or. 268 (59 Pac. 461) ; *Ferguson* v. *Reiger,* 43 Or. 505 (73 Pac. 1040). It will be remembered that the complaint states that the defendants had not paid the note or any part thereof,

"except * * the sum of $2, paid on account thereof, on the 2d day of January, A. D. 1899." The quoted words indicate a payment within six years prior to the commencement of the action, and if the declaration be considered in the nature of a recital instead of a positive averment, if the fact alleged was established in the manner pointed out in a former appeal of this cause, the statement is sufficient, in our opinion: *Scott* v. *Christenson,* 46 Or. 417 (80 Pac. 731).

2. The plaintiff, as a witness in his own behalf, after refreshing his memory by referring to the indorsements made on the note in question, was directed to state what payments had thus been made, and, over objection and exceptions, stated, *inter alia,* that on January 2, 1899, one of the defendants, whom he thought to be H. Christenson, but was not sure, paid him at Woodburn $2 to be credited on the note. The defendants' counsel thereupon moved to strike out such testimony on the ground that, as there were two joint makers of the note, it was incumbent on plaintiff, in order to prevent the statute of limitations from running against an action on the note, definitely to prove which one of the defendants made the alleged payment, but, the motion having been denied, an exception was saved. The rule is settled in this state that a payment of a part of a joint obligation by a maker thereof or by his agent or legal representative revives it as against all persons who were liable thereon, though made without their knowledge or consent: *Partlow* v. *Singer,* 2 Or. 307; *Sutherlin* v. *Roberts,* 4 Or. 378; *Dundee Invest. Co.* v. *Horner,* 30 Or. 558 (48 Pac. 175); *Smith's Estate,* 43 Or. 595 (73 Pac. 336, 75 Pac. 133); *Sheak* v. *Wilbur,* 48 Or. 376 (86 Pac. 375).

3. It was stated by counsel for the parties at the trial in this court that the defendants herein are brothers. The bill of exceptions does not disclose whether or not there exists any similarity of countenance, bearing or manner between the defendants, but by reason of their intimate relation it is possible that the plaintiff could not recognize one from the other, yet he may have been able to distinguish them from all other persons. If

49 Or.— 15

such is the case, his testimony was competent for their identification, and a payment by either to be indorsed on the note at his request was sufficient to extend the statute of limitations, which had not run when the alleged payment was made. As the consanguinity of the defendants may have produced a similarity in their appearance, and such resemblance is not negatived in the bill of exceptions, the plaintiff's testimony was sufficient to entitle the matter to be submitted to the jury.

4. The payment of $2, at the time and in the manner stated, having been testified to by plaintiff as indicated, the promissory note, and the indorsement of that sum thereon, were, over objection and exception, received in evidence, and it is insisted by defendants' counsel that an error was thereby committed. An indorsement purporting to acknowledge the receipt of money or the value of property, made on a promissory note by the holder thereof, without the knowledge of the maker, is not admissible in evidence in favor of the party making the indorsement so as to repel the presumption of payment arising from the lapse of years: *Roseboom* v. *Billington,* 17 Johns. 182; *Whitney* v. *Bigelow,* 4 Pick. 109. When, however, a payment is indorsed on a note by the holder at the request of the payor, proof of such fact is sufficient to remove the bar of the statute of limitations *(Sibley* v. *Phelps,* 6 Cush. 172), and the note and the indorsement are thereupon admissible in evidence, on the theory that, if the jury believe the payment was made and indorsed in the manner indicated, such memoranda enable them to determine the amount due on the commercial paper. The plaintiff having testified that the payment of $2 was made January 2, 1899, by one of the defendants, to be credited on the note, no error was committed in admitting it and the indorsement in evidence.

5. The plaintiff, during the progress of his case in chief, served upon the defendants, in open court, a notice to produce a letter purporting to have been written by him to them, identifying it by its date, the place from which it was sent, and to which it was addressed, and upon their failure to comply therewith he testified that on February 7, 1898, he mailed from

Woodburn, Oregon, the letter called for in a postage-prepaid envelope, addressed to the defendants at Silverton, Oregon, which envelope had printed thereon a request to return it to the plaintiff, at the city from which it was sent, if it was not delivered in 10 days, and that the letter was never returned to him. Thereupon a letterpress copy of the epistle mentioned was, over objection and exception, admitted in evidence. It is contended by defendants' counsel that his clients did not have sufficient time in which to produce the letter called for, and, this being so, an error was committed in admitting secondary evidence thereof. A party is entitled to a reasonable time to comply with a request to produce documents which are sought by his adversary to be offered in evidence. What is proper time, however, depends upon the ability of the party to bring forward the exhibit desired. If it appears that the paper is in his possession or is easy of access, a demand therefor, made at the trial, is sufficient: *Griffin* v. *Sheffield,* 38 Miss. 359 (77 Am. Dec. 646) ; *Morrison* v. *Whiteside,* 17 Md. 452 (79 Am. Dec. 661). The bill of exceptions is silent upon this question, and, as it does not purport to contain all the testimony given at the trial, it must be presumed that the evidence disclosed that the defendants could have complied with the request, but, not having done so, no error was committed as alleged.

From these considerations it follows that the judgment should be affirmed, and it is so ordered.                    AFFIRMED.

---

Decided 9 April, 1907.