Edwards v. Brinkerhoff.

S. R. EDWARDS, *Appellee*, v. H. L. BRINKERHOFF, *Appellant*.

No. 17,108.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Evidence—Statute of Frauds*. Under the pleadings and evidence in this case the statute of frauds (Gen. Stat. 1909, § 3838) has no application.

2. ——— *Petition—Amendment—Reply—Waiver*. Where a fact essential to the cause of action is not alleged in the petition but is alleged in the reply as occurring after the filing of the petition and the trial is proceeded with, without objection, as if the reply had been filed, by leave of court, as a supplemental amendment to the petition, it will be so regarded here.

Appeal from Greenwood district court. Opinion filed June 10, 1911. Affirmed.

*Howard J. Hodgson,* for the appellant.

*D. B. Fuller, H. P. Farrelly,* and *T. R. Evans,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by Edwards against Brinkerhoff for an accounting of the profits of a single transaction in an alleged partnership deal. All of their partnership transactions, except one, had been mutually settled. In his petition the plaintiff alleged that the defendant and he, jointly, with A. B. Stanhope and Ira P. Nye bought and finally sold a large tract of land, upon which they pastured cattle, on which there was a net profit amounting to about $18,000; "that as far as this plaintiff knows there has been no full or final settlement between any of the parties, but that it has been found and ascertained that the net profits arising from the business of this pasture company, or ranch, amounts to about $18,000; that one-sixth of the profits arising from the business of said ranch is the property of this plaintiff"; that the defendant has refused to account to him for a share of the profits, and he prays for an accounting and for judgment for the amount which may be found due to him. The defendant, after making various objections to the petition for defect of parties plaintiff and defendant and misjoinder of causes of action, alleged that the petition did not state facts sufficient to constitute a cause of action, and made a general denial of all the facts therein alleged. He admitted that at one time he was in partnership with the plaintiff in various lines of business, including the handling of cattle and of certain tracts of land, but alleged that all business conducted and carried on between himself and the plaintiff in which they had any interest had been mutually settled and the partnership dissolved, and prayed judgment for costs of the action.

In his reply the plaintiff, after making denials, alleged that the plaintiff and the defendant, as partners, were to have a one-third interest in the transaction set forth in the petition, and that A. B. Stanhope and Ira

P. Nye, respectively, were each to have a one-third interest; that since the commencement of the action and subsequent to the filing of the petition there had been a complete and final settlement between Stanhope, Nye and the defendant; that the defendant had procured and recovered a profit from said transaction of approximately $6000; that under the agreement between the plaintiff and the defendant the plaintiff was entitled to one-half thereof, namely, $3000.

The principal allegations of the reply were supplemental to the allegations of the petition, and, after procuring an order allowing it, a supplemental petition should have been filed setting forth the facts pleaded in the reply. However, this seems to have been the construction placed upon the pleadings by the parties, and we will so consider it—that the reply amounted to a supplemental petition. Technically the defendant should have been entitled to recover costs up to the time of the filing of the reply.

Upon the trial two principal questions of fact seem to have been contested: (1) The fact of partnership between the plaintiff and the defendant in the transaction with Stanhope and Nye, and that they jointly had a one-third interest therein; and (2) the amount of the net profits of the transaction.

The evidence seems to indicate, without conflict, that the transaction was closed and that the net profits were from $18,000 to $20,000.

Upon the question of the partnership between the plaintiff and the defendant in the transaction the plaintiff testified to an express oral agreement between himself and the defendant therefor, and produced three other witnesses who testified that the defendant had admitted to them that the plaintiff had an interest in the transaction. The defendant in his testimony denied that the plaintiff had anything whatever to do with the transaction or that he had any interest therein, and his evidence stands practically alone. The

jury found in favor of the plaintiff in the sum of $3000. The court approved the finding, rendered judgment for the amount, and denied a motion for a new trial.

It is contended that the evidence showed that Edwards never invested any money in the business—in fact it seems to show that neither the plaintiff nor the defendant invested very much of their own money—but the money of the transaction was supplied principally by Nye, who was an uncle of Brinkerhoff, and that Edwards and Brinkerhoff attended to the business, made the deals and pledged their credit for their share of the investment.

It is probably true that the original petition did not state a separate cause of action against Brinkerhoff, but, as we have seen, it was practically amended by the reply, which was treated as a supplemental petition. In an answer it is not good pleading to unite a general demurrer, which admits the facts stated in the petition, with a denial of the facts stated.

The answer admitted the settlement of all the other partnership business between the plaintiff and the defendant, and the evidence showed that the transaction pertaining to the Stanhope Pasture Company was closed, that the defendant had received one-third of the net proceeds, and the great preponderance of the evidence was that it belonged to the plaintiff and the defendant equally.

An attempt is also made to raise the question of the statute of frauds for that the original agreement of copartnership between the plaintiff and the defendant was oral and was not to be performed within one year. There is no evidence as to the length of time the partnership was to continue by the agreement, but it is shown that the contract had been fully executed and all of the business thereunder settled, except the division of the profits from the one transaction.

The contract under which the plaintiff claimed was not in writing and related, as one of its purposes, to

the purchase and sale of real estate for profit. The undisputed evidence shows that the business thereunder had been fully completed, except that the plaintiff had been denied any part in the division of the profits, which the jury found he was entitled to. The statute invoked (Laws 1905, ch. 266, § 1, Gen. Stat. 1909, § 3838) is not applicable, and an oral contract for the purpose alleged in the petition is valid. (*Marsh v. Davis,* 33 Kan. 326; *Tenney v. Simpson,* 37 Kan. 353.)

There are also objections to the introduction of testimony, which we have examined and find nothing worthy of comment therein. We think the ruling of the court was correct on these propositions.

Finding no error in the proceedings, and the question being practically a question of fact, which was by the jury found in favor of the plaintiff upon what appears to be sufficient evidence, and approved by the trial court, the judgment is affirmed.