Argued April 12, affirmed May 9, 1916.

# MINTER v. MINTER.

(157 Pac. 157.)

**Pleading—Demurrer—Waiver by Answer.**

1. Where a general demurrer to a complaint was filed, but without argument thereon defendant answered, the case on appeal is to be determined as upon the sufficiency of a pleading after verdict.

**Pleading—Defects Waived by Verdict.**

2. After evidence has been received on averments of a complaint which are merely defective, but not insufficient as alleging a right of action, and a verdict has been rendered for plaintiff, the complaint will be held sufficient.

**Partnership—Action Between Partners—Evidence.**

3. Evidence, although entirely parol, *held* sufficient to establish partnership relation.

**Pleading—Denial—Negative Pregnant.**

4. An allegation that plaintiff was the equitable owner of one half of certain real property by virtue of an oral trust agreement is not sufficiently denied by a conjunctive and literal denial, but is thereby admitted, though under Section 73, L. O. L., denial by general traverse would have been permissible.

**Partnership—Real Estate.**

5. The capital advanced by a partner may consist as well of lands or goods as of actual cash.

**Partnership—Real Estate.**

6. While at law title to land cannot be vested in a partnership as such, because a firm is not a person competent to take the legal estate in realty, yet, especially where the rights of strangers are not affected, equity will convert real estate into personalty, and so treat it in winding up the concern, although the legal title may have been vested in one partner.

[As to partnership in real property, see note in 48 **Am. St. Rep.** 62.]

From Jackson: FRANK M. CALKINS, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is a suit by John Minter against R. R. Minter to establish, settle and dissolve a partnership. The parties are brothers. It is stated in the complaint and admitted by the answer that their uncle devised

to them, as tenants in common, about 200 acres of land in Jackson County and certain personal property. As amended by consent at the hearing the plaintiff avers:

"That thereafter, and on the twentieth day of February, 1897, plaintiff conveyed to defendant his undivided one-half interest in and to said real estate, but said conveyance was for a stated consideration of $800, but no part thereof was ever paid, and under and by virtue of an oral agreement then and there had between plaintiff and defendant that defendant should hold the title to said premises in trust for this plaintiff and should reconvey the same to this plaintiff upon demand."

As to this allegation the answer contains the following matter:

"Defendant admits that on or about the twentieth of February, 1897, the plaintiff conveyed to defendant his undivided one-half interest in and to the real property described in paragraph 1 of plaintiff's complaint, but denies that said conveyance was purely voluntary, and that the same was made without consideration, and denies that there was any oral agreement had between the plaintiff and defendant that defendant should hold the title to said premises in trust for plaintiff and should reconvey the same to plaintiff upon demand."

It is charged by the plaintiff that the defendant entered into possession of all the personal property, and sold the same, investing the proceeds in eleven eighteenths of other realty in that county. The complaint then states:

"That on the first day of May, 1903, plaintiff and defendant entered into a contract whereby it was agreed that plaintiff and defendant should enter into a partnership for the purpose of carrying on the business of farming and stock-raising on said premises; that it was expressly agreed by and between the parties that the defendant should contribute all of his in-

terest in and to the real estate above described and to the personal property thereon, subject to the indebtedness thereon, to said partnership, and that the plaintiff should contribute to said partnership all of his interest in and to said real estate and personal property, releasing all claims against the defendant, and that he should, in addition, contribute to said copartnership the sum of $1,000; that upon making such contribution to said partnership the plaintiff and defendant should become the beneficial owners each of an undivided one half of said real estate and personal property and of the said fund contributed by said plaintiff, and that all of said real and personal property and said fund shall constitute the assets and property of said copartnership, but that the legal title to the same should continue to be held by the defendant in trust for the use and benefit of said partnership; that it was further expressly understood and agreed by and between the parties that each of said parties should devote his entire time and undivided attention to the business of said partnership; that at said time the defendant was the father of a family of seven minor children, and resided on said premises, and it was further understood and agreed between the parties that the plaintiff and the defendant and his family should continue to reside upon said premises and to withdraw from said partnership from time to time sufficient funds for the support of the defendant and his family and of this plaintiff, and that each of said partners should be entitled to an undivided half of all of the remaining assets and earnings of said business, and defendant contributed his interest in said real and personal property, and the same became assets of said partnership.''

The plaintiff says that he advanced not only the $1,000 agreed upon, but an additional sum of $600, all of which was used to defray the expenses and promote the business of the copartnership, and ''that plaintiff and defendant actually entered into said partnership in accordance with said agreement, * * and

each of said partners have an equal share in said business and are the owners of an undivided half of the assets of said partnership.'' It is also stated that since the formation thereof the partnership purchased the remaining seven eighteenths of the additional premises already alluded to, the title to which was taken in the name of the defendant for the use and benefit of the firm. Averring that his brother excluded him from his rights in the business and assets of the concern, the plaintiff prays for a decree of the court for a dissolution and settlement of the partnership.

Otherwise than as stated, the answer denies the complaint and avers that the defendant purchased the interest of his brother in the devised realty for $400, which was paid, and that the defendant is the owner of all the land in question.

The reply traverses the answer. The court made a decree favorable to the plaintiff, and the defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *Mr. Gus Newberry* and *Mr. N. W. Borden,* with an oral argument by *Mr. Newberry.*

For respondent there was a brief over the names of *Messrs. Neff & Mealey,* with an oral argument by *Mr. Porter J. Neff.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. It is contended here that the allegations of the complaint are not sufficient to show a partnership. A general demurrer seems to have been filed against the complaint, but without the same having been argued to the court the defendant answered, so that the case

now stands and is to be determined as upon the suffi-
ciency of a pleading after verdict. It is said in *Bates*
v. *Babcock,* 95 Cal. 479, 482 (30 Pac. 605, 29 Am. St.
Rep. 133, 136, 16 L. R. A. 745, 748):

"Objections to a complaint which should be pointed
out by special demurrer, such as uncertainty or am-
biguity, are insufficient, unless so specified, to defeat
a verdict against the defendant, nor can they, if over-
ruled after having been so specified, be considered for
the purpose of sustaining a judgment in his favor that
was erroneously rendered after a trial upon the merits.
It is only when there is in the complaint an entire
absence of averment of fact essential to a recovery, so
that no evidence of that fact could be received at the
trial, that a judgment in favor of the plaintiff cannot
be sustained; but, if the objection be merely that such
fact is defectively alleged, evidence received under
such averment, if sufficient, will sustain the judgment.
While the complaint in the present case is not entirely
free from criticism, and might have been made more
certain and precise in some of its averments, yet we
think that it contains a sufficient statement of facts
to justify the court in receiving evidence thereof, and,
if sufficient to sustain the averments, to render a judg-
ment as asked by the plaintiff."

This excerpt aptly states the rule of code pleading
on this subject, and we adopt the language as our own
and hold the complaint sufficient at this stage of the
litigation.

3. We pass to a consideration of whether there was,
in fact, a partnership, and, if so, how the realty in
question is affected thereby. It is admitted that there
were no written partnership articles, and that the
whole transaction between the brothers rests in parol.
As deplorably too often the case among kinsmen, their
relations in monetary affairs extended over a num-
ber of years without either party keeping any books
or memoranda in writing, so that it is extremely diffi-

cult to arrive at a satisfactory solution of the facts and of the accounts. We are satisfied from a reading of the testimony that there was, in effect, a partnership relation between the parties. Our conclusion on that point is reinforced by the decision of the learned judge who presided at the hearing in the Circuit Court, and had the advantage of the personal appearance of the witnesses.

4. Looking to the origin of the title to the realty, we find it conceded that, in the first place, the brothers owned jointly the principal part of the same. It is charged that the conveyance was made by the plaintiff to the defendant "under and by virtue of an oral agreement then and there had between them that the defendant should hold the title to said premises in trust for the plaintiff and should reconvey the same to the latter upon payment." The denial of this allegation already quoted is what is phrased a "literal denial." It would have been permissible under Section 73, L. O. L., to have made a general traverse of the allegation, but the defendant has undertaken to specify what he disputes, and so brings himself under the rule laid down in *Moser* v. *Jenkins,* 5 Or. 447, to the effect that no issue can be raised by conjunctive and literal denials. The same principle is declared in *McCormick Machine Co.* v. *Hovey,* 36 Or. 259 (59 Pac. 189). At the outset, therefore, on this branch of the case it must be said as a matter of pleading that the plaintiff was the equitable owner of one half of the real property at the beginning of the venture.

5. It must be noted also that the issue is solely between the plaintiff and the defendant. The interests or claims of other parties are not directly involved. No one but the two brothers urges any lien or charge upon the property in this suit. It was permissible

for either of them to bring into the partnership venture any property of any kind, whether real or personal. The capital advanced by any member of the firm may consist as well of lands or goods as of actual cash. The preponderance of the testimony shows that the plaintiff did, in fact, advance the money, and that he went into possession of the land and remained upon it working in the interest of the partnership in farming and stock-raising for a number of years. The defendant had hitherto been engaged in that business, using the land in the pursuit of his venture. The plaintiff found in existence a going concern, and on furnishing additional capital was admitted as an equal partner.

The contention of the defendant is that he borrowed the money of his brother and has repaid it; but he is utterly without data showing the time or amount of the repayment. He contends, also, that the plaintiff was there at his own pleasure as a member of the family, working when he wished, and idling as he would. The testimony impresses us, however, with the belief, as it did the Circuit Court, that the plaintiff not only advanced the money as a business enterprise in aid of the concern, but that his labor was effectual in the interest of the partnership.

6. In the leading case of *Arnold* v. *Wainwright*, 6 Minn. 358 (Gil. 241) (80 Am. Dec. 448), the court says:

"Whether land is to be deemed part of the partnership stock depends upon the agreement of the partners, which agreement may be either expressed or implied. After a very careful examination of the authorities, and the statutes of this state concerning trusts and fraudulent conveyances, we are of the opinion that lands may be converted into partnership stock by parol agreement of the partners, or by such facts

and circumstances attending its acquisition or use as will raise an implication that the partners so intended. The legal estate will be controlled by the terms of the conveyance, but equity will subject the lands to the same liabilities imposed upon the other partnership estate, and restrict the partners to the same extent in their disposition of them as obtains in regard to the personalty.''

This decision was founded upon a statute much like our Section 804, L. O. L., that:

''No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law.''

The substance of the precedents on this question, treating of a case like the present, is that under such circumstances the trust is declared by operation of law in order to overcome the inequitable conduct of a person who takes the money of his copartner under an oral contract of partnership, lets him into possession of the realty, accepts his labors for a long period of time, and finally renounces the relationship on the ground that there is no writing between them declaring the contract. A detailed analysis of the evidence would not serve any good purpose in declaring a principle of law. It is sufficient to state generally that we rely upon a careful reading of the evidence aided by the conclusion of a trial judge. In *McDermot* v. *Lawrence*, 7 Serg. & R. (Pa.) 438 (10 Am. Dec. 468), speaking of land, it is said:

''Yet there is no doubt that by the agreement of the partners, it may be brought into the stock, and con-

sidered as personal property, so far as concerns them-
selves, and their heirs and personal representatives.''

The court, however, construed a deed conveying to
the partners, named as individuals, and not as part-
ners, as between the surviving partners and a mort-
gagee of one of them without notice, to pass a tenancy
in common, indicating by inference that as between
themselves the partnership interest in the realty
might be shown by parol. In *Brooke* v. *Washington,*
8 Gratt. (Va.) 248 (56 Am. Dec. 142), in order to
charge a dormant partner for the unpaid portion of
the purchase price of land conveyed to the active part-
ners, the plaintiff was permitted to show by parol
that the land was considered partnership property
by the members of the firm. If, therefore, in favor
of a stranger this matter could be established without
a writing, much more might it be established between
the parties themselves who have acted on that basis
for a long period of time. Other authorities appli-
cable to the question are here set down: *Brown* v.
*Morrill,* 45 Minn. 483 (48 N. W. 328); *Riedeburg* v.
*Schmitt,* 71 Wis. 644 (38 N. W. 336); *In re Farmer
(Ex parte Griffin),* 18 N. B. R. 207, Fed. Cas. No. 4650;
*Duryea* v. *Burt,* 28 Cal. 569; *Wiegand* v. *Copeland*
(C. C.), 14 Fed. 118; *Sigourney* v. *Munn,* 7 Conn. 11;
*Roberts* v. *McCarty,* 9 Ind. 16 (68 Am. Dec. 604);
*Marsh* v. *Davis,* 33 Kan. 326 (6 Pac. 612); *Tenney* v.
*Simpson,* 37 Kan. 353 (15 Pac. 187); *Edwards* v.
*Brinkerhoff,* 85 Kan. 67 (116 Pac. 222). Cases in-
volving the sale of land by one party to the other
where possession relied upon as part performance to
take the transaction out of the statute is not adverse,
but, in common with that of the seller, are not in point
here. Neither does the present contention trench upon
the rights of lien creditors of the holder of the legal

title so as to bring into the calculation such precedents as *McCormick's Appeal*, 57 Pa. 54 (98 Am. Dec. 192). The principle is that, while at law the title to land cannot be vested in a partnership as such, because a firm is not a personage recognized as competent to take a legal estate in realty, yet, in order to work out actual and substantial justice between partners as among themselves, especially where the rights of strangers are not affected, equity will convert real estate into personalty, and so treat it in winding up the concern, although the legal title may have been vested all the time in one of the partners.

The decree of the Circuit Court is affirmed and the cause is remanded for further proceedings in winding up the affairs of the partnership.      Affirmed.

Mr. Chief Justice Moore, Mr. Justice Benson and Mr. Justice Harris concur.