Submitted on briefs September 13; affirmed November 16;
petition for rehearing denied November 23, 1948

# SULLIVAN ET AL. *v.* CARPENTER

199 P. (2d) 655

In Banc.

*Hugh B. Collins,* of Medford, on the brief for appellant.

*O. H. Bengtson,* of Medford, and *Harry A. Skerry, Jr.,* of Ashland, on brief for respondents.

HAY, J.

This is an action in assumpsit for work, labor and materials. The plaintiffs are copartners. They allege in their complaint that, at the request of defendant, they painted and performed other labor upon certain buildings on defendant's ranch, and furnished materials in connection with the work; that "a fair and reasonable charge for said labor and materials" was $2,088.56, of which the defendant has paid $1,293, leaving a balance of $795.56 due and owing. The defendant admitted that he requested plaintiffs to paint said buildings and that he has paid them the sum of $1,293, but denied all other allegations of the complaint. Trial by jury resulted in a verdict for plaintiffs in the full amount demanded, and judgment was entered thereon. Defendant moved for a new trial, which motion was denied, and he appeals.

Objection is made in this court, for the first time,

that the complaint failed to state facts sufficient to constitute a cause of action, and it is contended moreover that it will not support a recovery for work and labor performed or for materials furnished.

■ The complaint in an action of this sort must allege that the labor and materials were furnished at the defendant's request. It is contended that, while the complaint herein alleges that defendant requested that plaintiffs paint certain structures and buildings, it does not state that they were requested to furnish any materials, or to do paper-hanging or any work on furniture. The pleading must be considered as a whole. It is true that in one paragraph thereof there is an allegation that defendant requested plaintiffs to paint certain structures and buildings, which would appear to indicate that only painting was requested, but this allegation is modified by being immediately followed by the words: "as more fully enumerated in Paragraph IV". Paragraph IV contains a detailed statement of all the items of labor and materials, and includes one item of paper-hanging, another of "furniture labor" (included under a heading of "Brush labor"), and a small item of $8.51, described as "Glass and labor". It is, of course, obvious that those items would not usually be included within the general term "painting"; although that term might very well include incidental operations other than the actual application of paint. We think, however, that the specific itemization contained in Paragraph IV qualified the general term, and that such itemized statement sufficiently notified the defendant of the basis of plaintiffs' claim, so that he was not in any manner misled.

■ It is asserted that a complaint in an action for labor and materials must allege that the items for which

recovery is sought were actually furnished to the defendant, and that this complaint does not do so. The complaint does allege that the work, labor and materials were furnished upon structures and buildings on defendant's ranch, at his request. In the absence of demurrer or motion to make more definite and certain, we are of the opinion that these allegations sufficiently pleaded that the items were actually furnished to the defendant.

■ Defendant maintains that the allegation "that the sum of $2,088.56 is a fair and reasonable charge for said labor and materials" is a mere conclusion, and that, to be sufficient, the complaint should have alleged either the reasonable value or the agreed price. The allegation complained of must be considered as a defective allegation of reasonable value, sufficient, competent evidence having been received thereon, to sustain the judgment. *Minter v. Minter,* 80 Or. 369, 157 P. 157. The complaint in other respects being sufficient, and no demurrer thereto having been interposed, even the complete omission therefrom of allegations of reasonable value or agreed price would be considered as mere defects of statement, and as being cured by the verdict. *Nicolai v. Krimbel,* 20 Or. 76, 84, 43 P. 865.

■■ No objection to the sufficiency of the complaint having been made until after judgment, it must be liberally construed, and is entitled to the benefit of all intendments in its favor. *Cooper v. Hillsboro Garden Tracts,* 78 Or. 74, 83, 152 P. 488; 41 Am. Jur., Pleading, section 404.

" * * * The general rule in such case is 'that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the court, there the

want of the express statement is cured by the verdict, provided the complaint contains terms sufficiently general to comprehend the facts in fair and reasonable intendment': Field, J., in Garner v. Marshall, 9 Cal. 269. * * *'' *Nicolai v. Krimbel,* supra (29 Or. 76, 84, 43 P. 865).

See also *Scott v. Christenson,* 49 Or. 223, 224, 89 P. 376; *Minter v. Minter,* supra, (80 Or. 369, 373, 157 P. 157); 41 Am. Jur., Pleading, section 404. The complaint herein alleged the performance of the work and labor and the furnishing of the materials by plaintiffs upon structures and buildings at defendant's ranch, at his request, the time of performance, and the value. When, under those circumstances, the question of the sufficiency of the complaint is raised for the first time after verdict, the objection is unavailing. If the defendant had desired to take advantage of any supposed variance between the pleading and the proof in this connection, he should have called such variance to the attention of the court, and should have proved to the court's satisfaction that he had been misled by such variance to his prejudice in maintaining his defense upon the merits and in what respect he had been so misled. His failure to do so rendered such variance, if any, immaterial. Section 1-1001, O. C. L. A. We hold the complaint, at this juncture, to be sufficient to state a cause of action and to support a recovery for work, labor and materials.

Over objection by defendant, the court received in evidence a list of the materials which plaintiffs claimed to have been furnished by them and used in the work. The objection was that sufficient foundation for admission of the exhibit had not been laid. One of the plaintiffs testified that every morning during the progress of the work, he listed upon slips of paper all mate-

rials taken out to the job, and usually in the evening all materials used were listed by him upon the paper comprising the exhibit, although sometimes several days elapsed before such entries were made. The witness testified further, in effect, that as some eighteen months had elapsed between the time when the work was done and the time of the trial, it was "a little hard to refresh his memory", but that at the time when the entries were made the matter was fresh in his memory, and he was confident that the exhibit "was correct at that time".

■ Memoranda of the sort under discussion are admitted in evidence as exceptions to the hearsay rule. Their admissibility is governed by the Uniform Business Records as Evidence Act, which Oregon has adopted, (Ch. 414, Or. L., 1941), section 2 of which reads as follows:

> "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

As to the identity and mode of preparation of the exhibit, the evidence of the witness complied with the requirements of the Act. The exhibit was a compilation of the contents of the various materials slips, compiled by the witness himself (who also compiled the slips) at or near the times when the respective slips were made and the materials were actually furnished for the job. That it was made in the regular course of business is

indicated from the fact that it consisted of a series of entries, regularly made, in relation to plaintiffs' business, and was not a casual or isolated entry. Wigmore, Evid., 3 ed., section 1525. Its method of preparation, as a compilation of the various slips, indicates that it may be regarded as in the nature of a permanent record of the transaction. *Radtke v. Taylor,* 105 Or. 559, 588, 210 P. 863, 27 A. L. R. 1423. The source of information from which the exhibit was prepared was the personal knowledge of the compiler. Its method and time of preparation were apparently such as, in the opinion of the trial court, justified its admission in evidence. In our opinion, it was properly received. *Douglas Creditors Assn. v. Padelford,* 181 Or. 345, 182 P. (2d) 390.

Defendant argues that, in order for the exhibit to have been admissible, the evidence should have shown that, in the preparation thereof, the circumstances were such that the ordinary risk of untrustworthiness was absent, and that the person who prepared the exhibit was without motive to cause it to misrepresent the facts. He cites, in this connection, Wigmore's Code of Evidence, 2 ed., par. 1462. The author himself, in his great work on evidence of which the cited Code is a mere summary, says of the requirement of absence of motive to misrepresent, found in some of the cases, that "This does not mean that the offeror must show an absence of all such motives; but merely that if the existence of a fairly positive counter-motive to misrepresent is made to appear in a particular instance the entry would be excluded." Wigmore, Evid., 3 ed., section 1527. There was no evidence of such counter-motive in the case at bar.

Similar objections were made to the admission of the time cards of the various men who were employed

in the work. These cards were filled out by the individual workmen themselves, upon forms furnished them by plaintiffs. Each workman filled out one such card for every day during which he worked, showing the number of his hours of labor. The cards were signed by the workmen, and were handed in to plaintiffs' witness who identified them at the trial (the same witness who prepared the list of materials used) at the end of each working day. The witness was "on the job" with the men on all but possibly three days of the time of duration of the work (about seven weeks), in most cases actually saw the men "put in that time", and paid them on the basis of the cards. The specific objection to the admission of the cards was that it did not appear that they were kept in such a manner as to prevent error.

■ This method of keeping a record of the time of the workmen was that regularly used by plaintiffs in the course of their business. There would appear to be no reason to exclude the time cards merely because they were prepared by the workmen themselves. If they had a motive to misrepresent their time, such motive would have been counterbalanced by the employers' motive to avoid paying for work not performed. In any event, one of the plaintiffs had actual knowledge at the times when the cards were handed in by the workmen that the time claimed was correct. The cards, in our opinion, were authenticated, in the manner prescribed by the Act, to an extent sufficient to justify the trial judge, exercising the discretion with which the Act clothes him, in receiving them in evidence.

■ Error is assigned upon the admission in evidence of a statement of the account for labor, which was handed by plaintiffs to defendant. Several such objec-

tions were made at the trial, but only one is put forward here, viz., that the exhibit was irrelevant. The actual objection was: "I object to it as irrelevant and immaterial and cumulative, since it is a copy of what is pleaded." The only objection now urged, therefore, is that the exhibit was irrelevant because it was merely a copy of what had been pleaded. For what purpose the statement was offered in evidence is not apparent. It was probably irrelevant, but we think that its reception, if error, was harmless.

Defendant moved the court to grant him a new trial, (a) because of insufficiency of the evidence to justify the verdict, (b) because the verdict was against law (specifically, that there was no competent evidence of the value of labor and materials), and (c) because of misconduct on the part of the jury and irregularities in their proceedings during their deliberations.

The general rule, as laid down by repeated decisions of this court, is that denial of a motion for a new trial, based upon alleged error committed on the trial, of which errors the appellant had knowledge at the time, may not be assigned as error on appeal. *Benson v. Birch,* 139 Or. 459, 466, 467, 10 P. (2d) 1050; *State ex rel. v. Bassett,* 166 Or. 628, 642, 113 P. (2d) 432, 114 P. (2d) 546. As to (c) supra, the motion was supported solely by the affidavit of a juror. It is settled law in Oregon that affidavits of jurors may not be used to impeach their verdict. The court did not err in refusing to grant a new trial. *Ore. Cas. R. R. Co. v. Ore. S. Nav. Co.,* 3 Or. 178, 180; *Spain v. O. W. R. & N. Co.,* 78 Or. 355, 370, 153 P. 470, Ann. Cas. 1917E, 1104; *Schmalz v. Arnwine,* 118 Or. 300, 307, 246 P. 718; *Forrest v. Turlay,* 125 Or. 251, 255, 266 P. 229.

Other reasons why a new trial should have been

granted are specified in the briefs, but none of them presents any question which has not been discussed above. We are of the opinion that the trial was free from reversible error, and that the judgment should be affirmed.