Argued May 7, affirmed July 24, 1963

# CAREY *v.* LEONARD
### 383 P. 2d 1011

*Austin Dunn,* Baker, argued the cause and filed a brief for appellant.

*S. H. Burleigh,* La Grande, argued the cause and filed a brief for respondent. On the brief were Burleigh, Carey & Gooding, La Grande.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

## PER CURIAM.

The plaintiff brought this action to recover the reasonable value of his services as an attorney at law. The jury returned a verdict for the plaintiff against the defendant Velate Henderson Leonard, and the defendant appeals.

The defendant assigns as error the failure of the complaint to state a cause of action against the defendant. Apparently the defendant's theory is that since the party who obtained the benefit of plaintiff's services was defendant's son, as alleged in the complaint, this defendant could not be held liable for this debt.

The defendant in her brief states, "It is obvious from reading the complaint that the defendant was acting as the agent for her son in soliciting the services of the plaintiff. * * *" The complaint alleges the defendant "engaged the plaintiff on behalf of her son."

The language used, while subject to the interpretation placed thereon by the defendant, is equally subject to the interpretation that defendant solicited the services herself in her efforts to aid her son, and defendant so understood.

No objection to the complaint was made prior to the verdict. It is well established that where no objection is made to the sufficiency of the complaint until after verdict, the complaint is to be liberally construed and a plaintiff is entitled to any fair and reasonable intendment comprehended in the language

used. *Sullivan et al v. Carpenter,* 184 Or 485, 199 P2d 655.

The defendant also assigns as error the court's failure to sustain her motion for judgment notwithstanding the verdict. No motion was made for a directed verdict, and in the absence of such a motion, a motion for judgment non obstante veredicto will not be considered on appeal. *Merritt v. State Industrial Accident Commission of the State of Oregon,* decided this day.

The judgment is affirmed.