Argued November 4, affirmed December 30, 1976

# BLUE RIBBON STEEL BUILDINGS, INC., *Respondent,*

## *v.*

# STRUTHERS, *Appellant.*

## (Trial Court No. 75-755, Supreme Court No. 24440)

557 P2d 1350

*Dean Heiling,* Roseburg, argued the cause and filed the brief for appellant.

*Walter A. Barnes,* Oak Grove, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Holman, Tongue, Lent and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

**BOHANNON, J.** (Pro Tempore).

This is an action at law brought by plaintiff, Blue Ribbon Steel Buildings, Inc., to recover the balance due on a contract to construct a metal, pole-type-warehouse building for the defendant, John Struthers. The building was constructed adjacent and connected to defendant's existing furniture store building at Dillard, Oregon. The plaintiff was paid all but the last $2,800 due on the contract which sum was withheld by defendant on account of leaks alleged to exist in the roof where the new building joined the old. Defendant also contended that the concrete slab floor required by the contract and installed by plaintiff was not constructed in a workmanlike manner and by counterclaim sought recovery of damages from plaintiff in the sum of $11,000 on account of alleged defects in the floor.

Sometime before this case was tried the warehouse burned down due to some unknown cause not related to this action.

The cause was tried before a jury which returned a verdict in favor of plaintiff. Thereafter, judgment was entered in favor of plaintiff and against the defendant in the sum of $2,800 plus attorney fees in the sum of $1,250 together with costs and disbursements.

Thereafter, defendant filed a motion for an order setting aside the judgment, setting aside the verdict and either entering judgment in favor of the defendant or in the alternative allowing a new trial. The motion was denied.

Defendant appeals, assigning error in three particulars which will be discussed in turn as follows:

### First Assignment of Error

Defendant contends the trial court erred in sustaining plaintiff's objection to, and in striking, defendant's testimony relating to defendant's alleged cooperation with plaintiff in the installation of the concrete floor.

During defendant's case, the defendant Struthers sought to show by his testimony that, during the construction of the fill upon which the concrete floor for the building was to be poured, he discovered the fill was higher than the floor of the existing building and that since the fill was already in place he made no objection. Struthers' testimony was as follows:

"Q. [By attorney for defendant:] * * * Was there anything unusual that happened with the pouring or preparation of pouring with the warehouse floor as relates to the causeway and the showroom in the levels of them?

"A. I don't think I (Pause) —

"Q. What about — did you want to have a step?

"A. Oh, oh, I follow you, yeah. There is — the warehouse is — sits 11 inches higher. Okay. This building (Indicating) sits 11 inches higher than this building (Indicating) so therefore this — this is really a ramp (Indicating). I mean, there's an 11-inch drop between the 40 feet between the building.

"Q. Was that intended at the outset?

"A. No.

"Q. When was it called to your attention that the warehouse would be higher than the showroom?

"A. After the fill had already been put in.

"Q. All right. What options were left open to you?

"A. Well, I could either accept it or have them start carting off this dirt that they put in.

"MR. BARNES: Objection. Move to strike not only this question and this answer but the previous question and the previous answer, [on] the ground [it] would be [a violation of the] parole [sic] evidence rule.

"THE COURT: I think I understand what you are saying.

"MR. BARNES: Perhaps I mistated [sic] myself and haven't stated the grounds clearly. What I'm trying to get at is we have in evidence the contract which shows the position of the two buildings. This evidence is contradictory with a written contract that's been offered.

"* * * * *

"MR. HEILING: No, but that's not the part we are bringing out, Your Honor. We want — it has been

mentioned in the Plaintiff's case in chief that they think this is all a crank complaint by Mr. Struthers to get out of paying the bill, and what we want to show is that he has been doing what he can to cooperate.

"* * * * *

"THE COURT: Well, one doesn't meet the other as I see it. * * *"

The testimony that defendant sought to counter by the foregoing came from the testimony of Robert C. Fredeen, president of Blue Ribbon Steel Buildings, Inc., who testified without objection as part of plaintiff's case-in-chief as follows:

"Q. * * * What did you determine at that time —

"* * * * * *

"Q. — (Continued) in your own mind about the balance of the funds that were due to you?

"A. Well, the reason I personally didn't go down is because at that time I just felt that I was kind of getting the runaround, kind of just dragging on and dragging on, and every time we would dun him for the money then something else would come up, still leaking, or then it got into concrete, and I just thought he was — frankly I thought he was just trying to get me out of my dollars."

We agree with the trial court that the proferred testimony to which objection was sustained does not rebut the testimony of Fredeen. Assuming that Struthers had the right to object to the fact that the fill for the new building was higher than the floor of his old building and did not object, the fact that he did not object does not reasonably rebut Fredeen's testimony that after the building was completed Struthers was making complaints which Fredeen thought were not justified.

We find no merit to this assignment of error.

### Second Assignment of Error

■ Defendant contends the trial court erred in admitting testimony of Dyke Alders as to a purported out-of-court statement by one of defendant's witnesses.

[ 1203 ]

As part of defendant's case-in-chief on the counter-claim, defendant called one Melvin Gregory, who was experienced in concrete construction. Mr. Gregory testified among other things that in June of 1974 at defendant's request he inspected the concrete slab constructed by plaintiff and that he shot grades on the slab with a transit. He further testified that he found variations in the surface of the slab ranging from three-eighths to an inch and a quarter. He also testified that he had inspected the slab about a week before the trial, at which time he said he found an inch and a quarter variance in the surface of the slab.

After defendant had rested, plaintiff called as a rebuttal witness one Dyke Alders who was permitted over objection to testify concerning an out-of-court statement made by the witness Gregory after the latter had left the witness stand. The testimony is as follows:

"Q. Okay. Did you talk to Mr. Gregory after court this morning outside in the hallway?

"A. Yes, I did.

"Q. Did Mr. Gregory state anything to you in the hallway outside of court that was different from what you heard his testimony to be in the courtroom?

"MR. HEILING: Objection. It's hearsay.

"THE COURT: Overruled. You may answer that question, yes or no however.

"A. Yes.

"Q. What did you hear — what did you hear him say in the hallway that was different from what you heard him say in the courtroom?

"A. * * * In the hallway he told me that he had been down there recently and that he didn't know whether it had been the fire or the water or what had done it but everything had settled back into where it was supposed to be."

This testimony tends to impeach Gregory's testimony given previously, that when he examined the slab about a week before the trial he found low spots of up to an inch and a quarter.

Defendant now contends that Dyke Alders' testimony should have been excluded because there was no foundation laid as required by ORS 45.610.[1]

It is unnecessary to decide whether ORS 45.610 applies to subsequent as contrasted with prior inconsistent statements. The stated basis for the objection in the trial court was that the testimony was hearsay. The testimony to which the objection was addressed was not hearsay for the reason that the testimony concerning the out-of-court statement was not offered to prove the truth or falsity of that statement. *Sheedy v. Stall,* 255 Or 594, 597, 468 P2d 529 (1970). The testimony was offered to show that the witness Gregory had made an inconsistent out-of-court statement for impeachment purposes. The trial court therefore properly overruled the objection on the ground addressed to it.

■ When an objection to evidence is made on one ground, all other possible grounds for objection are waived and additional or further subsequently tendered grounds on appeal will not be considered. *Wallender v. Michas,* 256 Or 587, 592, 475 P2d 72 (1970); *Miller v. Lillard,* 228 Or 202, 210, 364 P2d 766 (1961).

We find no error.

### Third Assignment of Error

Defendant's third and final assignment of error is stated as follows:

> "The trial court erred in denying Defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial * * *."

■ The defendant did not make a motion for a directed

---

[1] ORS 45.610 provides:

"A witness may be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him, with the circumstances of times, places and persons present, and he shall be asked whether he made the statements, and if so, allowed to explain them. If the statements be in writing, they shall be shown to the witness before any question is put to him concerning them."

verdict; therefore, neither the trial court nor this court can consider whether a motion for a judgment notwithstanding the verdict should have been granted. *Carey v. Leonard,* 235 Or 107, 383 P2d 1011 (1963); *Merritt v. S.I.A.C.,* 235 Or 121, 384 P2d 140 (1963); *German v. Kienow's Food Stores,* 246 Or 334, 337, 425 P2d 523 (1967).

■ Denial of a motion for a new trial cannot be assigned as error. *Carizo v. Spada Distributing Co., Inc.,* 231 Or 516, 520, 373 P2d 689 (1962); *Krey v. Sarah Land Co.,* 256 Or 31, 470 P2d 154 (1970).

For these reasons this assignment is not considered.

Plaintiff in its brief requests an award of attorney fees on appeal based upon a provision in the contract between the parties which provided:

"* * * In the event of the breach of this contract, the Property Owner(s) also agree to pay reasonable attorney's fees for consultation and/or such litigation, including all expenses, as may be necessary. * * *"

■ Since the provision in the contract relating to attorney fees did not specifically provide for attorney fees on appeal, none will be allowed. *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972); *Adair v. McAtee,* 236 Or 391, 385 P2d 621, 388 P2d 784 (1963).

Affirmed.