## CARLSON,
*Appellant,*

*v.*

## LYMAN SLACK MOTORS, et al,
*Respondents.*

### (No. A7812-20808, CA 15861)

618 P2d 1314

Thomas C. Siel, Portland, argued the cause for appellant. With him on the brief was Lynch and Siel, P.C., Portland.

Walter J. Cosgrave, Portland, argued the cause for respondents. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought a negligence action against defendants to recover for injuries incurred in a rear-end automobile collision. Defendants admitted liability. The jury returned a verdict for defendants.

Prior to trial plaintiff moved the court for an order limiting defendants' inquiry as follows:

"Directing the defendant from inquiring into or mentioning the fact that plaintiff was working at the time the accident took place or that he has received Workers' Compensation benefits."

Early in his opening statement counsel for defendants made the following remarks:

"Now, [plaintiff] was actually on the job at this time. He was on his job for the city at the time. This was an on-the-job injury as far as he was concerned. He was going to stop by his house to get some pills that he was taking that he had forgotten to bring that morning, but he says that he was actually on the job."

No objection was made during defendants' opening statement. At the close of the opening statement, however, plaintiff's counsel moved for mistrial and the following colloquy was had between the court and counsel:

[Plaintiff's counsel]: "I'm moving for a mistrial on the basis that I'd filed a motion in limine prior to the start of this trial, which I thought had been granted. As part of that, it was requested that the defendants not bring up the fact that at the time of this accident that the plaintiff was at work, which he did."

[The Court]: "All right, I'm going to deny your motion for mistrial. It's true that you did file a motion in limine. We had an informal discussion in chambers prior to the voir dire selection process. We discussed the elements there, and I believe that we had come to no such determination that he could not - that Mr. Cosgrave could not put in the factual matter that he happened to be working that day, as long as there was no further exploration of his work, to get into the collateral source problem - is that not correct?"

[Defense counsel]: "That's correct. The only thing we discussed, Judge, was the receipt of Workmen's Compensation benefits."

[The Court]: "And that's staying out. You're not going to do that."

During closing argument defendants' counsel made several remarks about plaintiff being injured on the job and it being more profitable for plaintiff to remain off work than to return to work. Plaintiff's counsel objected only to the last such reference. When judgment was entered on the jury's verdict, plaintiff moved for a new trial, contending that defendants' counsel wrongfully introduced a collateral benefit issue. The trial court denied plaintiff's motion.

Plaintiff appeals the trial court's failure to grant his motion for mistrial and his motion for a new trial. We affirm.

■ Plaintiff's counsel made no objection to the remarks of defendants' counsel made during opening statement. Instead, plaintiff's counsel waited until the opening statement was completed and then moved for mistrial. The offending language was made early in defendants' opening statement. The motion for mistrial was not timely. *Blanton v. Union Pacific Railroad Co.,* 289 Or 617, 616 P2d 477 (1980).

■ The trial court's denial of plaintiff's motion for a new trial cannot be assigned as error on appeal. *Blue Ribbon Bldgs. v. Struthers,* 276 Or 1199, 1206, 557 P2d 1350 (1976).

Affirmed.